VIRELLA, PETICIONARIO Y APELANTE, *v.* CARRERAS ET AL., COMO MIEMBROS DE LA JUNTA DE MÉDICOS EXAMINADORES, DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección 2ª, en un recurso sobre *mandamus.*

No. 1322.—Resuelto en julio 14, 1915.

MEDICINA—ASPIRANTES AL EJERCICIO DE LA MEDICINA—DEBER DEL SOLICITANTE—COLEGIOS O INSTITUCIONES ACREDITADOS.—En una solicitud para ser admitido a examen ante la Junta de Médicos Examinadores, el solicitante debe probar haberse graduado en un colegio o institución de medicina bien acreditado y organizado legalmente.

ID.—CLASIFICACIÓN DE COLEGIOS POR LA ASOCIACIÓN MÉDICA AMERICANA—PRUEBA DE REPUTACIÓN.—El hecho de que la Asociación Médica Americana había dado cierta clasificación al colegio de donde procedía el aspirante, así como también el de haber sido admitidos por la junta local otros aspirantes procedentes de colegios que figuraban en la misma clasificación, no le exime de la necesidad en que está de tener que demostrar el buen crédito de que goza su colegio, especialmente por haber sido hecha la clasificación del colegio del apelante por la Asociación Médica Americana después de ser un aspirante el apelante y cuando ya la junta local había hecho investigaciones y estaba satisfecha de que el referido colegio no gozaba de buen crédito.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Rafael López Landrón.*

Abogado del apelado: *Sr. Jaime Sifre, Jr., Fiscal Especial.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La Junta de Médicos Examinadores se negó a admitir a examen a Rafael Virella y Vergne. Entre las prescripciones

de la ley con las cuales está obligado a cumplir un aspirante, existe la siguiente:

"* * * Las solicitudes de dichos candidatos * * * se harán por escrito acompañadas de comprobantes de haberse graduado el solicitante en un colegio o institución de medicina bien acreditado y organizado legalmente."

El referido Rafael Virella y Vergne presentó una solicitud de *mandamus* para que se requiera a la mencionada Junta de Médicos Examinadores a que admita a examen al peticionario, alegando entre otras cosas, en el párrafo cuarto de su petición, que había hecho la debida solicitud como graduado de la *Eastern University of Baltimore,* universidad bien acreditada y organizada legalmente. Tanto ésta como otras alegaciones de la petición, quedaron sometidas a discusión por la contestación formulada por los apelados. De acuerdo con la ley y con su petición, el apelante tenía entre otras cosas la obligación de probar que la *Eastern University of Baltimore* era un colegio o institución bien acreditado. El peticionario dejó de hacer esto.

En cierta época del año 1913, la Junta de Médicos Examinadores resolvió que en lo sucesivo no admitiría candidatos a examen cuando los diplomas que presentaran procedieran de colegios o universidades clasificados con la letra "C" por la Asociación Médica Americana. La referida Asociación Médica Americana clasificó los mejores colegios bajo la letra "A," buenos con ciertas deficiencias bajo la letra "B," y los de poco valor bajo la letra "C." Los colegios o instituciones clasificados bajo "C" no están reconocidos como bien acreditados por la Asociación Médica Americana, ni por la mayoría de los Estados de la Unión. En la fecha en que el peticionario presentó su solicitud para examen la *Eastern University* no había sido clasificada en absoluto, ni siquiera bajo la letra "C." Dicha universidad fué clasificada bajo la letra "C" por la Asociación Médica Americana en el año 1914, después de haber presentado su solicitud el peticionario.

El principal motivo de queja del peticionario estaba basado en el hecho de haber admitido la junta próximamente para la misma fecha a dos candidatos, o sea al Sr. Mestre Caparrós y a la Señorita Piñero al examen, después de haberse negado primeramente a admitirlos por estar clasificados sus colegios bajo el apartado "C." Parece que como dichos dos aspirantes presentaron sus solicitudes con anterioridad al acuerdo de la junta de no admitir aspirantes procedentes de instituciones clasificadas bajo la letra "C," la Junta de Médicos Examinadores creyó que era injusto el no permitirles tomar sus exámenes, puesto que ya antes había admitido aspirantes a examen de otros colegios clasificados bajo "C." El Fiscal expresa en su alegato que la junta tenía otras razones para admitir a estos dos candidatos, pero no encontramos prueba de esto en los autos.

En el caso del peticionario, sin embargo, en la fecha en que fué presentada su solicitud, la Junta de Médicos Examinadores pasó una resolución negándose a admitir al peticionario y a otros varios aspirantes, porque sus diplomas no venían de colegios clasificados por la Asociación Médica Americana. La comunicación específica que fué dirigida al peticionario era que la junta se negaba a aceptar su diploma por no considerar que el colegio de donde procedía dicho diploma estaba bien acreditado. La junta no se contentó con estos hechos, sino que se puso en comunicación con el Despacho de Asuntos Insulares para informarse acerca de la reputación de la *Eastern University*. Estamos convencidos de que según el informe que la junta tenía ante sí, el cual fué recibido del Despacho de Asuntos Insulares, dicha junta estaba enteramente justificada al considerar que el diploma del peticionario no procedía de un colegio bien acreditado. La idea del peticionario es la de que como los otros aspirantes cuyos colegios estaban clasificados bajo la letra "C" fueron admitidos a examen, de igual manera él debió haber sido admitido. Su colegio, como hemos visto, no estaba clasificado bajo "C" en la fecha de la presentación de su solicitud

y la junta se convenció por sí misma, por informes independientes, de que la *Eastern University of Baltimore* no estaba
bien reputada. No importa, por tanto, que los otros aspirantes procedentes de colegios cuyo crédito ha sido impugnado fueran admitidos al examen. La junta podría haber
estado justificada en negarse a admitir a los otros candidatos teniendo en cuenta que el objeto principal es que los
aspirantes vengan de colegios bien acreditados. El proceder
de la junta en lo que respecta a otros aspirantes nada importa. El peticionario estaba en la obligación de probar a
la junta el buen crédito de su colegio. No solamente dejó
él de cumplir con esto, sino que la demandada presentó prueba
positiva de que la *Eastern University of Baltimore* no estaba
bien acreditada. No es necesario, por tanto, considerar la
cuestión enérgicamente discutida de si los deberes de la junta
eran ministeriales o discrecionales y cuáles serían los derechos del peticionario examinados bajo uno u otro aspecto.

Debe confirmarse la sentencia.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.