## EX PARTE HUERTAS, PETICIONARIO.

No. 35.—*Resuelto:* Diciembre 9, 1924.

ABOGACÍA — ADMISIÓN SIN EXAMEN — ENSEÑANZA LIBRE — RESOLUCIÓN CONJUNTA No. 28 DE 1919.—Un estudiante libre que aprobó en 1911 el primer curso de la abogacía ante el tribunal creado por la ley de 1906 y que amparándose en la Resolución Conjunta No. 28 de 1919 aprobó en 1923 y 1924 los dos cursos subsiguientes ante el tribunal creado por la Ley No. 38 de 1916, sección 3; debe pasar, además, el examen de reválida ante el tribunal creado por la sección 2 de la dicha Ley No. 38 de 1916, para poder ser admitido al ejercicio de la abogacía.

SOLICITUD sobre admisión al ejercicio de la abogacía sin examen. *Denegada.*

El peticionario compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Edelmiro Huertas Zayas presentó una solicitud que copiada a la letra, en lo pertinente, dice:

"1° Que en exámenes tomados ante la Junta Examinadora nombrada por ese Hon. Tribunal, aprobó el primer curso de abogacía en el año 1911.

"2° Que al amparo de la Resolución Conjunta aprobada por la Asamblea Legislativa de P. R. en junio 20 de 1919, compareció ante la Junta Examinadora de aspirantes al ejercicio de la abogacía, constituída legalmente en la Universidad de Puerto Rico, y aprobó los cursos segundo y tercero o último, en los exámenes celebrados en junio de 1923 y mayo de 1924, respectivamente.

"Por lo que de ese Hon. Tribunal solicita ser admitido al ejercicio de la abogacía en Puerto Rico sin examen de reválida, de acuerdo con las disposiciones de la Sec. 5 de la Ley de 8 de mayo de 1906, vigente en 1911 en la fecha de la aprobación del primer curso de la carrera, aplicable en harmonía con el espíritu que anima la R. C. No. 28 de junio 20 de 1919 ya citada, y apoyándose además en la Resolución de ese alto Tribunal en el caso de Mario Figueroa del Rosario, ex parte—admisión al ejercicio de la abogacía."

Acompaña dos comunicaciones que le dirigiera el Secretario de la Librería del Colegio de Leyes de la Universidad de Puerto Rico de las cuales resulta que aprobó en junio de 1923 las siguientes materias: Procedimiento Criminal,

Evidencia, Ley de Quiebras, Procedimiento Civil y Derecho Mercantil con un promedio superior a 75 por ciento, y en junio de 1924, Derecho Internacional público y privado, Procedimientos Legales, Especiales y Legislación Hipotecaria con un promedio también superior a 75 por ciento.

Nada presenta para probar su afirmación de haber aprobado el primer curso de la carrera de abogacía en 1911, pero en verdad de los récords de esta corte así resulta.

La *Resolución Conjunta* que invoca el peticionario, en lo pertinente, dice:

"Por cuanto, es de justicia y equidad que todo ciudadano que haya comenzado a estudiar la carrera de derecho en Puerto Rico de acuerdo con determinada ley regulando la misma, termine dicha carrera de acuerdo con los preceptos legales que regían cuando estas personas aprobaron el primer año de la profesión de abogado;

"Por tanto, *Resuélvese por la Asamblea Legislativa de Puerto Rico:*

"Sección 1.—Que todos aquellos ciudadanos de los Estados Unidos residentes en Puerto Rico que hubieren aprobado algún curso de la profesión de abogado en esta Isla, tendrán derecho a terminar la carrera mediante cumplimiento de las disposiciones de la ley que había en vigor en los instantes en que aprobaron, mediante examen, el primer curso de la carrera mencionada."

Es claro que las comunicaciones acompañadas a la solicitud no son suficientes para acreditar que el peticionario aprobó las materias a que se refieren. Necesítase una certificación expedida en debida forma por el funcionario competente. Pero prescindiremos de ello, a fin de resolver en definitiva el caso.

De acuerdo con la Ley de 1 de marzo de 1902 (Est. Revisados de 1902, sec. 44 *et seq.*), el Tribunal Supremo preparó a los efectos de los exámenes de abogados un programa bajo la base que sigue:

*Primer grado:* Derecho Civil y Derecho Penal;

*Segundo grado:* Derecho Mercantil, Derecho Político y Estatutos revisados;

*Tercer grado:* Legislación Hipotecaria, Código de Enjuiciamiento Civil y Código de Enjuiciamiento Criminal.

En 1906 la Legislatura pasó otra ley sobre la materia. Leyes de 1906, pág. 1. Se encomendó a la Corte Suprema la redacción de reglas prescribiendo grupos y materias. Así se hizo. Subsistieron los tres grupos. Se ampliaron las materias. El plan quedó así:

*Primer grupo:* Derecho Civil, Derecho Penal, Derecho Político;

*Segundo grupo:* Derecho Mercantil, Ley de Quiebras, Enjuiciamiento Civil, Evidencia, Enjuiciamiento Criminal;

*Tercer grupo:* Legislación Hipotecaria, Derecho Internacional, Procedimientos Legales Especiales, Práctica Forense y Notarial.

En 9 de marzo de 1911, Leyes de 1911, pág. 174, la Legislatura enmendó su ley de 1906, exigiendo como requisito previo el diploma de octavo grado y fijando ella misma los cursos y materias, así:

*Primer Curso:* Derecho Natural, Derecho Civil, Derecho Penal, Medicina Legal, Derecho Político, Insular y Federal, Legislación Notarial.

*Segundo Curso:* Derecho Mercantil, Legislación Federal sobre Quiebras, Economía Política, Derecho Procesal Civil y Derecho Procesal Penal, Evidencia.

*Tercer Curso:* Derecho Hipotecario Sustantivo y Adjetivo, Derecho Internacional Público y Privado, Hacienda Pública, Procedimientos Legales Especiales, Práctica Forense y Notarial.

Dicha ley de 1911 en cuanto al nuevo plan de estudios, no comenzó a regir hasta el 1 de enero de 1912.

Volvió en 1916 la Legislatura, Leyes de 1916, pág. 92, a ocuparse del asunto y redactó una ley completa. Exigió como requisito previo el diploma de bachiller o el de una escuela secundaria que tuviera un curso de cuatro años o prueba satisfactoria de una instrucción equivalente. El plan de estudios quedó formulado así:

*Primer Curso:* Derecho Natural, Derecho Romano, Derecho Civil (materias que comprenden los libros primero y segundo del Código Civil vigente), Derecho Penal, Medicina Legal.

*Segundo Curso:* Derecho Civil (materias que comprenden los libros tercero y cuarto del Código Civil vigente), Legislación Notarial, Derecho Mercantil, Legislación Federal sobre Quiebras, Derecho Constitucional, Derecho Político y Administrativo, insular y federal.

*Tercer Curso:* Derecho Procesal Civil, Derecho Procesal Penal, Evidencia, Derecho Internacional Público, Economía Política, Historia General del Derecho en España e Inglaterra.

*Cuarto Curso:* Derecho Hipotecario, sustantivo y adjetivo, Derecho Internacional Privado, Procedimientos Legales Especiales, Hacienda Pública, Historia General del Derecho en los Estados Unidos de América y Puerto Rico, Práctica Forense y Notarial.

El tribunal de exámenes fué variado. Se encomendó a miembros de la Facultad de Derecho de la Universidad de Puerto Rico y a abogados en ejercicio, el examen de los estudiantes de enseñanza libre, disponiéndose que al final se les otorgara un certificado y disponiéndose además que sufrieran un examen de reválida ante un Tribunal compuesto de dos jueces de la Corte Suprema y tres abogados en ejercicio, al igual que los graduados de la Universidad de Puerto Rico o de las universidades acreditadas del Continente.

Como hemos visto, el peticionario se examinó de primer grado en 1911 cuando ya había sido aprobada la ley de 9 de marzo de dicho año pero cuando aún no había comenzado a regir, y ahora pretende, amparado en la resolución conjunta de 1919 que dejamos transcrita, que habiendo aprobado las materias que se exigían en 1911 por exámenes verificados en 1911, 1923, y 1924, se le admita a ejercer sin sufrir nuevo examen, porque en 1911 no existía el examen llamado de reválida para casos como el suyo.

De suerte que el peticionario aspira a que este tribunal lo autorice a ejercer la profesión de abogado sin haber aprobado las asignaturas de *Derecho Natural, Medicina Legal, Legislación Notarial, Economía Política* y *Hacienda Pública,* que desde 1 de enero de 1912 la Legislatura estimó necesarias, y *Derecho Romano, Derecho Constitucional* e *Historia General del Derecho en España, Inglaterra, Estados Unidos y Puerto Rico* que la propia Legislatura adicionó al plan de estudios por ella misma fijado en 1916.

No somos legisladores. La Resolución Conjunta de 1919 es clara y tenemos que reconocer al peticionario el derecho que le otorga, o sea probar su suficiencia de acuerdo con la ley en vigor en diciembre de 1911, esto es la de 1906, no exigiéndole, por tanto, que se examine sino de aquellas materias que fija la indicada ley, pero nos está encomendada la facultad de interpretar las leyes y especialmente en esta materia del ejercicio de la abogacía, de acuerdo con la tradición y la jurisprudencia, nuestras facultades son bien amplias en verdad, y ejercitándolas resolveremos que es el deber del peticionario sufrir un nuevo examen ante el tribunal que designado por la Corte Suprema se constituye regularmente en los meses de marzo y noviembre de cada año, por los siguientes fundamentos.

Los exámenes de los cursos segundo y tercero los sufrió el peticionario no ante el tribunal que funcionaba de acuerdo con la ley vigente en 1911, sino ante el tribunal nombrado siguiendo las prescripciones de la ley de 1916, tribunal que se creó teniendo en mente el legislador el otro a que la misma ley se refiere compuesto de dos jueces de la Corte Suprema y tres abogados en ejercicio y ante el cual deben revalidar su certificado los estudiantes de enseñanza libre o su diploma los estudiantes de universidades.

Tal es la realidad de las cosas en el momento actual y el verdadero proceso que deben seguir los que se acojan a la resolución conjunta de 1919, es examinarse de cada materia ante el Tribunal compuesto de profesores de la Facul-

tad de Derecho de la Universidad de Puerto Rico y abogados, y una vez que las hayan aprobado todas, con un promedio mínimo en cada curso de setenta y cinco por ciento, someterse a un examen general ante el otro tribunal en que la Corte Suprema interviene por medio de dos de sus jueces y de abogados designados por ella. El tribunal que existía en 1911, ha sido sustituído por los dos tribunales indicados.

Refiriéndonos al caso concreto del peticionario llamaremos la atención a la circunstancia de haber aprobado el primer curso en 1911 o sea hace *trece años*. En ese primer curso figura entre otras la importantísima materia de Derecho Civil, dividida actualmente en dos cursos. ¿Cumpliría con su deber la Corte Suprema autorizando a una persona a ejercer la profesión de abogado, basándose en un examen de Derecho Civil practicado hace trece años, no dando esa persona señales de actividad durante once y reapareciendo luego para examinarse de otras materias en los dos últimos años?

Una autorización para ejercer equivale a una notificación a la comunidad entera de que la persona que la recibe está capacitada para ello por haber probado plenamente su suficiencia, esto es, por haber demostrado su pericia en el conocimiento de la ley, pudiendo confiarse a su dirección los ciudadanos todos.

¿Podría el Tribunal Supremo en este caso certificar que el peticionario conoce el Derecho Civil vigente en Puerto Rico, sin cerciorarse a virtud de un examen final si el peticionario ha seguido en los trece años posteriores a su examen las transformaciones de esa rama del Derecho a virtud de la ley y la jurisprudencia en nuestra Isla? En manera alguna, a nuestro juicio.

El caso de Mario Figueroa invocado por el peticionario es algo distinto. Dicho Figueroa aprobó los cursos prescritos por la ley de 1911. Además fué resuelto de plano y

ahora a virtud del examen detenido que se ha practicado, se ha fijado el criterio del tribunal.

En consecuencia de todo lo expuesto, *debe negarse la solicitud del peticionario,* llamándosele la atención además, en evitación de dificultades para el futuro, sobre el hecho de que, si solicita examen, debe acreditar que ha aprobado también el ejercicio práctico exigido por este tribunal desde los primeros programas que redactó y que se considera de verdadera importancia especialmente en casos como el del peticionario.