Isidoro Infante, peticionario y apelante, *v.* Junta de Médicos Examinadores de Puerto Rico, compuesta por M. Quevedo Báez, D. A. Biascoechea, F. Hernández, N. Quiñonez Jiménez, F. Seín, A. Vallecillo y R. López Nussa, demandada y apelada.

No. 5206.—*Sometido:* Diciembre 12, 1930. *Resuelto:* Abril 8, 1932.

*Armando A. Miranda,* abogado del apelante; *Attorney General
James R. Beverley* y *A. Ortiz Toro, Primer Procurador General
Auxiliar,* abogados de la apelada.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Esta apelación ha sido interpuesta por Isidoro Infante contra resolución de la Corte de Distrito de San Juan que anuló el auto condicional de *mandamus* que libró a instancia del apelante para que la Junta Examinadora de Médicos lo admitiese a examen.

Los hechos de este caso en lo necesario son los siguientes: el apelante solicitó en febrero de 1929 de la Junta Examinadora de Médicos que lo admitiese a los exámenes que tendrían lugar al mes siguiente y acompañó a su solicitud diploma de médico cirujano expedido en 1928 por "The Kansas City University of Physicians and Surgeons," de Kansas, Missouri, Estados Unidos de América. No presentó a la junta diploma de una alta escuela ni tampoco en la vista del auto de *mandamus* pero después de dictada la resolución apelada y para solicitar que fuese reconsiderada por la corte presentó un título expedido a su nombre por el Instituto José de Diego, de San Juan, Puerto Rico.

El apelante comenzó sus estudios de medicina en la citada universidad en septiembre de 1923, después de haber aprobado un curso preparatorio de dos años en Howard. La Junta Examinadora de Médicos se negó a admitir a examen

al apelante porque la universidad que le expidió el diploma médico está clasificada con la letra "C" por la junta y por la Asociación Médica Americana. Según la prueba en la vista del *mandamus* hay un solo estado de la Unión Americana y el Distrito de Columbia que admiten a exámenes a esos graduados, teniendo también la clasificación "C", que es la ínfima, en el Estado de Missouri donde la universidad se encuentra.

Sobre la clasificación de esa universidad no hay controversia en este caso ni se alega por el apelante que sea errónea. La cuestión en disputa es cuál de las varias leyes que han sido promulgadas sobre la materia es la aplicable al apelante, ya que los requisitos que se señalan para ser admitido a examen como médico son diferentes en ellas. En esa cuestión descansa el segundo motivo del recurso. Del primero prescindiremos porque carece de importancia por fundarse en una manifestación aislada del juez de la corte inferior sin tener en cuenta el apelante otras que demuestran que la corte sabía cuál era la cuestión en controversia, por lo que no nos referiremos más a él.

La primera ley creando la Junta Examinadora de Médicos en esta Isla fué aprobada en 1903 y se encuentra en los Estatutos Revisados de Puerto Rico, páginas 354 a 357, con las enmiendas que le fueron hechas en 1906 y en 1911. Según ella y sus enmiendas, para ser admitido a los exámenes de medicina o cirugía o a cualquiera de sus ramas tenía que presentarse a la junta diploma de haberse graduado en un colegio o institución de medicina "bien acreditada." Esta ley estaba en vigor cuando en septiembre de 1923 el apelante comenzó sus estudios de medicina en la universidad de la ciudad de Kansas, pues aunque en 30 de julio de ese año se promulgó la ley No. 73, página 549, por disposición expresa de ella no empezaba a regir hasta el 1 de noviembre de ese año.

La ley 73 de 1923 a que nos hemos referido derogó toda las leyes que a ella se opusieran y dispuso en su sección

14 que para poder ser admitido a examen como médico tenía que presentar el solicitante un título de médico-cirujano expedido por universidad o colegio clasificado con las letras "A" o "B" según la clasificación de la Asociación Médica, si estuviera establecido dicho colegio o universidad en los Estados Unidos. En la misma sección se declara que sus disposiciones no serán aplicables a los estudiantes de medicina que hubiesen comenzado sus estudios en los Estados Unidos con anterioridad a la fecha en que la ley comience a regir y que a tales estudiantes se aplicarán los términos de la ley en vigor al tiempo de comenzar *bona fide* sus estudios.

Otra ley de 1924, la No. 15, página 123, por su sección octava enmendó la sección 14 de la Ley de 1923 en el sentido de que los aspirantes a exámenes de médico tienen que presentar a la junta diploma de una alta escuela que tenga un curso de cuatro años como mínimum y cuyo *standard* sea igual, por lo menos, al fijado por las altas escuelas en esta Isla por el Departamento de Instrucción de Puerto Rico: no menos de dos años de instrucción aprobados en un colegio autorizado de artes liberales o de ciencias en los cuales se cursen extensamente y aprueben, entre otras materias, química orgánica e inorgánica, física superior, biología avanzada y un idioma extranjero: y presenten un diploma o título de médico-cirujano demostrativo de haber cursado y aprobado, por lo menos, cuatro cursos de no menos de siete meses cada uno, en cuatro años diferentes, en las escuelas médicas de los Estados Unidos o del extranjero, registradas por el tribunal y que mantengan el más alto nivel educacional en las materias propias de la profesión; y dispuso que el tribunal, además de su criterio propio en el registro de las escuelas de medicina acreditadas, tendrá la facultad de guiarse para tal registro por la clasificación adoptada por los tribunales de estado de los Estados Unidos de la Unión Americana, con los cuales mantenga reciprocidad. Esta sección dispone también que nada de lo contenido en ella será

aplicable a aquellas personas que hayan hecho gestiones ante la Junta de Médicos Examinadores de Puerto Rico para ser admitidos a examen con anterioridad a la aprobación de la ley, que lo fué en 1 de julio de 1924. Tal es la ley actualmente en vigor, pues aun cuando la No. 45 de 1927, pág. 247, enmendó esa sección 14, otra ley posterior, la No. 20 de 1928, pág. 155, restableció y promulgó nuevamente dicha sección 14 de 1924 y derogó expresamente toda ley que a ella se opusiera.

Por lo expuesto se ve que la Ley de 1923 que exigía que el diploma o título de médico fuese expedido por universidad o colegio clasificado con las letras "A" o "B" fué promulgada en 30 de julio, antes de que el apelante comenzara su estudios en septiembre de ese año; y que su cláusula preceptiva de que no sería aplicable a los que hubiesen comenzado sus estudios de medicina antes del 1 de noviembre en que entraría en vigor fué modificada en 1924 y promulgada nuevamente en 1928 en el sentido de que la nueva ley no se aplicaría a las personas que hubieren hecho gestiones ante la Junta Examinadora para ser admitidas a examen antes de la aprobación de dicha ley en 19 de abril de 1928.

La cuestión a resolver en este caso es si los requisitos que debe llenar el apelante para tener derecho a ser admitido a examen y las cualidades que debe tener la univeridad que le expidió su diploma de médico se rigen por la ley de 1903 y sus enmiendas vigentes en septiembre de 1923 cuando comenzó sus estudios de medicina o por la ley de 1928 en vigor cuando solicitó el examen.

Alega el apelante que habiendo comenzado sus estudios de medicina cuando estaba en vigor la ley de 1903 con sus enmiendas de 1906 y 1911 sus disposiciones le son aplicables y no las de las leyes posteriores, y nos cita el artículo 3 del Código Civil preceptivo de que las leyes no tendrán efecto retroactivo, si no dispusieren expresamente lo contrario, y de que en ningún caso podrá el efecto retroactivo de

una ley perjudicar los derechos adquiridos al amparo de una legislación anterior, así como varias decisiones nuestras referentes a ese artículo que se refieren a casos distintos.

Toda persona tiene derecho a ejercer la medicina, la abogacía o cualquier profesión o negocio que crea conveniente pero no como un derecho absoluto sino como mera licencia subordinada a los requisitos y condiciones que razonablemente imponga la legislatura en el ejercicio del poder regulador (*police power*) que tiene para beneficio de la comunidad. *Dent* v. *West Virginia,* 129 U. S. 121; *Hawker* v. *New York,* 170 U. S. 189; 48 C. J. 108; *Cooley's Constitutional Limitations,* 6ª. ed., pág. 745. Por eso el Estado puede variar en cualquier tiempo las leyes sobre esa materia para beneficio de la comunidad, como lo ha hecho respecto a los médicos para requerir mayores condiciones de capacidad. En el caso *Ex parte Huertas,* 33 D.P.R. 825, un abogado aprobó el primer curso de su carrera en 1911 cuando había sido aprobada, pero no estaba en vigor, otra ley sobre la materia; aprobó después las asignaturas de los cursos siguientes y habiendo solicitado ser admitido al ejercicio de la profesión sin el examen llamado de reválida porque tal examen no existía en 1911 su petición fué negada. En otro caso, *Virella* v. *Junta de Médicos Examinadores,* 22 D.P.R. 777, a un médico que obtuvo su diploma de acuerdo con la ley de 1903 y que solicitó examen sin que entonces estuviese clasificada su universidad, le fué negado porque después fué clasificada con la letra "C."

Por consiguiente, esa clase de leyes rigen para todos desde que entran en vigor aunque contengan requisitos distintos a los anteriores, salvo que contengan alguna disposición en contrario; y si bien la ley de 1923 contenía esa cláusula a favor de las personas que habían comenzado sus estudios, fué dejada sin efecto por la ley de 1928 que la substituyó en favor de los que habían hecho peticiones de examen antes de entrar en vigor. La expresada cláusula de 1923 no im-

pedía que pudiera ser modificada y no creó derecho alguno en favor del apelante.

En último término este asunto carece de importancia práctica porque aun siendo de aplicación al apelante la ley de 1903 y sus enmiendas de 1906 y 1911, siempre resulta que de acuerdo con ellas su título debe ser de universidad o colegio "bien acreditado", y ya hemos visto que no tiene esa condición la universidad que expidió el título al apelante por estar clasificada con la letra "C", que es la ínfima, y que esos graduados no son admitidos a examen en los Estados de la Unión con excepción de un Estado y del Distrito de Columbia.

El tercer motivo del recurso no hay que tratarlo porque la reconsideración que fué negada no se fundó en los méritos del caso sino en prueba que no se presentó a la junta ni al tribunal inferior.

*La sentencia apelada debe ser confirmada.*

El Juez Asociado Señor Wolf no intervino.