EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Román Matos Matos<br><br>    Peticionario<br><br>        v.<br><br>Junta Examinadora de Ingenieros y Agrimensores<br><br>        Recurrida | Certiorari<br><br>2005 TSPR 138<br><br>165 DPR \_\_\_\_ |

Número del Caso: CC-2002-555

Fecha: 20 de septiembre de 2005

Tribunal de Apelaciones:

          Circuito Regional I San Juan, Panel I

Juez Ponente:

          Hon. Roberto González Rivera


Abogados de la Parte Peticionaria:

          Lcdo. Harold J. Rivera Vázquez
          Lcda. Solany A. Vargas González


Oficina del Procurador General

          Lcda. Laura Lis López Roche
          Procuradora General Auxiliar


Materia: Revisión Administrativa de la Junta Examinadora de
          Ingenieros y Agrimensores


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Román Matos Matos

    Peticionario

        v.                        CC-2002-555

Junta Examinadora de Ingenieros
y Agrimensores

    Recurrida

Opinión del Tribunal emitida por la Juez Asociada Señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 20 de septiembre de 2005

Tenemos ocasión de resolver si la Ley de la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, de Puerto Rico, Ley Núm. 173 del 12 de agosto de 1988, según enmendada, provee para que ingenieros en entrenamiento puedan ser ingresados en el Registro Permanente para la Práctica de la Agrimensura, y puedan, en consecuencia, ejercer la profesión de la agrimensura en Puerto Rico. Resolvemos en la negativa.

I

El peticionario Román Matos Matos (señor Matos) cursó ingeniería civil en la Universidad Politécnica de Puerto Rico y en noviembre de 1978 obtuvo un

bachillerato en dicho campo. Aprobó el examen de reválida únicamente en su parte fundamental, mientras que fracasó en la parte profesional del mismo. En abril de 1989 la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores ("la Junta") emitió certificación número 10161EIT ("engineer in training") mediante la cual se clasificó al señor Matos como "ingeniero en entrenamiento", conforme a la Ley de la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, Ley Núm. 173 del 12 de agosto de 1988, según enmendada, 20 L.P.R.A. sec. 711 *et seq*, ("Ley 173").[1] Posteriormente obtuvo su inscripción en el Departamento de Estado como ingeniero en entrenamiento. Es importante destacar que no surge del expediente la fecha en la que el señor Matos tomó su examen de reválida, ni en qué se desempeñó desde que se graduó en el año 1978 hasta que solicitó su certificación como ingeniero en entrenamiento once (11) años después.

El 7 de julio de 1989 el señor Matos solicitó admisión al Registro Permanente de Ingenieros Autorizados para la Práctica de la Agrimensura, registro que incluye todos los ingenieros capacitados para ejercer la agrimensura, según los requisitos de las disposiciones transitorias de la Ley 173. En su solicitud el señor Matos se limitó a indicar sus señas personales, la referencia a su número de licencia 10161EIT, y a hacer constar los cursos aprobados que lo

---

[1] Esta ley fue enmendada por la Ley Núm. 185 de 26 de diciembre de 1997.

cualificaban a practicar la agrimensura.[2]   Apéndice del recurso de *certiorari* a la pág. 3.   La solicitud fue acompañada con la transcripción de créditos acreditativa de que había tomado los cursos requeridos.

El 6 de junio de 1990, la Junta le notificó al señor Matos un permiso provisional que lo facultó a ejercer la práctica de la agrimensura.   Se le indicó en esta comunicación que la certificación oficial estaba sujeta a la revisión y aprobación final por la Junta Examinadora de su solicitud.[3]   No fue hasta noviembre del año 1995, que el Colegio de Ingenieros y Agrimensores de Puerto Rico (C.I.A.P.R.) se percató de la irregularidad del permiso provisional concedido.   Mediante carta, el C.I.A.P.R. cuestionó a la Junta sobre el procedimiento utilizado mediante el cual se autorizó provisionalmente a un ingeniero en entrenamiento a practicar la agrimensura, cuando la Ley solamente permite la inclusión en el Registro Permanente a los ingenieros licenciados.   Apéndice del *certiorari* a la pág. 13.

No obstante haber impugnado el permiso concedido, el mismo mes de noviembre de 1995, el C.I.A.P.R. emitió una

---

[2] El formulario pre impreso que cumplimentó indica que: Por la presente hago constar que soy Ingeniero Licenciado y solicito se me incluya en el Registro Permanente contenido en el Artículo 30, Sección G, de la Ley Núm. 173, del 12 de agosto de 1988, para que se me permita practicar la Agrimensura en Puerto Rico.  Apéndice del recurso de *certiorari* a la pág. 3.

[3] No consta en el expediente información alguna que indique que la Junta, en efecto, haya pasado juicio sobre la solicitud del señor Matos.

certificación acreditando que el peticionario, además de ser ingeniero en entrenamiento, estaba autorizado a ejercer la agrimensura. Apéndice del *certiorari* a la pág. 15. A los mismos efectos se expresó la Junta en correspondencia de abril de 1996. Cabe destacar que durante todo este tiempo el señor Matos había acudido, en repetidas ocasiones, al C.I.A.P.R. solicitando orientación sobre cómo debía presentar sus credenciales.

Así las cosas, en junio de 1996, la Administración de Reglamentos y Permisos (A.R.P.E) se querelló ante el C.I.A.P.R., porque el señor Matos había presentado, ilegalmente, proyectos bajo un sello profesional de ingeniero sin estar autorizado para ello.[4] Mediante resolución del 6 de marzo de 1998, el Tribunal Disciplinario del Colegio de Ingenieros determinó, como cuestión de hecho, que el querellado era agrimensor e ingeniero en entrenamiento y que éste ilegalmente representaba en su sello que era ingeniero. En vista que los proyectos involucrados eran de agrimensura y no de

---

[4] En carta del 15 de febrero de 1996, dirigida a la Junta, el peticionario admitió haber utilizado el título de ingeniero en su sello. Éste indicó que:

> Porque se pensó (sic) lo mismo que yo me creía que la transición de leyes me había favorecido (sic) y que se me estaba cambiando de categoría de Ingeniero Certificado a Ingeniero Licenciado además yo llegué a pensar que como la certificación dice que de acuerdo a la Ley 173 del 12 de agosto de 1988 inciso G aquí habla de otorgarle este permiso a Ingenieros Licenciados Capacitados y no habla de Ingenieros en Entrenamiento que presentaran su solicitud dentro del tiempo de la moratoria de un año.

Apéndice del recurso de *certiorari* a la pág. 16.

ingeniería, el Tribunal Disciplinario limitó la sanción a una amonestación y advirtió al querellado "a no proseguir con esta conducta".[5]  El señor Matos no apeló esta determinación.

Conforme dicha resolución, el peticionario preparó un nuevo sello profesional para certificar proyectos de agrimensura y en marzo del 1999 solicitó ante la Junta la aprobación de dicho sello y la renovación de su licencia de agrimensor.  Al evaluar la solicitud, la Junta se percató que el señor Matos no era ingeniero licenciado y que desde el año 1989 practicaba la agrimensura con una autorización otorgada ilegalmente.  La Junta inició el trámite administrativo y le notificó al señor Matos la intención de revocar su certificado de ingeniero en entrenamiento y su licencia provisional de agrimensor por éste haber violado los cánones de ética del C.I.A.P.R.  No obstante, en esta misiva no se le comunicaron los hechos constitutivos de esta violación, ni se especificó cuáles fueron los cánones alegadamente violados.[6]  Se celebró vista el 18 de abril de

---

[5] No surge claro de la resolución si "esta conducta" de la que se le apercibe debe abstenerse se refiere a representarse como agrimensor o como ingeniero.  Según una posterior Resolución del 26 de diciembre de 2001, la Junta interpretó que el Tribunal Disciplinario apercibió al señor Matos a desistir de utilizar tanto, el título de agrimensor como el de ingeniero licenciado.  Apéndice del recurso de *certiorari* a la pág. 42.

[6] En una carta posterior le indicaron que la ilegalidad surgía de la "nulidad ab initio de su inclusión en el Registro Permanente de Agrimensura por la misma haber sido hecha de forma contraria a las leyes".  Apéndice 23, pág. 40.

2001, en la cual el señor Matos tuvo oportunidad de declarar y presentar prueba a su favor.

El 26 de diciembre de 2001 la Junta emitió resolución mediante la cual se le suspendió por un (1) año el certificado de ingeniero en entrenamiento y se le revocó su licencia provisional de agrimensor, toda vez que la misma era nula por haber sido otorgada en contravención a la ley. Nuevamente, la Junta fundamentó su determinación en el hecho que el señor Matos había sido incluido en el registro permanente de agrimensores ilegalmente, ya que sólo los ingenieros licenciados tienen acceso a dicho registro.

Inconforme, y luego de denegarse de plano una moción de reconsideración, el señor Matos acudió al foro apelativo con un recurso de revisión administrativa. Argumentó que la Junta había interpretado erróneamente la Ley Núm. 173, al excluirlo del registro que le permitía ejercer la agrimensura, y al concluir que había violado una orden del Tribunal Disciplinario de abstenerse a ejercer como agrimensor.

El tribunal *a quo* consideró la comparecencia de las partes y concluyó que sólo un ingeniero licenciado o agrimensor licenciado pueden ejercer la agrimensura. Determinó que la actuación de la Junta fue razonable y conforme al mandato legislativo. En consecuencia, denegó el recurso solicitado. De esa resolución el señor Matos acudió ante nosotros y nos planteó el siguiente señalamiento de error:

Erró el Honorable Tribunal de Circuito de Apelaciones al confirmar la "resolución" emitida por la Junta Examinadora de Ingenieros y Agrimensores de Puerto Rico revocando el permiso que autorizaba al aquí peticionario a practicar la agrimensura en Puerto Rico y suspendiéndolo del registro permanente para la práctica de la agrimensura.

Expedimos el recurso y contando con el beneficio de la comparecencia de las partes procedemos a resolver.

## II

La controversia central que nos ocupa gira en torno a la correcta interpretación de las disposiciones transitorias de la Ley 173. En su escrito, el peticionario sostiene que si bien es correcta, como regla general, la interpretación del foro apelativo en el sentido que sólo los "ingenieros licenciados" pueden ejercer la agrimensura en Puerto Rico; no así en su caso. Sostiene que la disposición transitoria contenida en el Artículo 30(g) de la Ley 173 autoriza a un "ingeniero en entrenamiento" a solicitar ingreso al Registro Permanente y por lo tanto ejercer de agrimensor. Habida cuenta entonces, que el peticionario tiene una certificación de "ingeniero en entrenamiento", él está autorizado a practicar la agrimensura.

Al interpretar una ley los tribunales tenemos la obligación de considerar cuáles fueron los propósitos sociales que motivaron a la Asamblea Legislativa a aprobarla. *Departamento de la Familia v. Ramos* , res. el 6 de marzo de 2003, 2003 T.S.P.R. 37, 158 D.P.R. ___ ;

*Piñero González v. A.A.A.,* 146 D.P.R. 890 (1998); *Colegio de Opticos de Puerto Rico v. Pearle Vision Center*, 142 D.P.R. 221 (1997). Resulta necesario que en nuestra interpretación armonicemos, hasta donde sea posible, todas las disposiciones de la ley con el propósito de lograr una interpretación integrada, lógica y razonable de la intención legislativa.

Las distintas disposiciones que componen una ley no deben ser interpretadas de manera aislada, sino que deben ser analizadas en conjunto. Sin embargo, no debemos perder de vista que el lenguaje claro de la ley es la mejor expresión de la intención legislativa. *Departamento de Hacienda v. Telefónica Larga Distancia de P.R.,* res. el 17 de marzo de 2005, 2005 T.S.P.R. 32, 163 D.P.R. ___; *Rexach v. Ramírez Vélez,* res. el 15 de junio de 2004, 2004 T.S.P.R. 97, 161 D.P.R. ___; y otros casos allí citados.

A la luz de la normativa anterior, pasemos a evaluar las disposiciones legales relacionadas a la presente controversia.

El peticionario argumentó que el foro apelativo erró al no considerar que su condición de ingeniero en entrenamiento lo cualificaba para acogerse a la moratoria provista en el Artículo 30(g) de la Ley 173. Fundamentó su contención en el uso de la palabra "certificado" en el artículo 30(g) de dicha ley, término que aduce se refiere a los ingenieros en entrenamiento. No tiene razón.

La Ley 173 de 12 de agosto de 1988, disposición vigente al momento del peticionario solicitar clasificación como ingeniero en entrenamiento, fue aprobada con el propósito de armonizar las disposiciones legales que rigen la práctica profesional de la ingeniería, arquitectura y agrimensura en Puerto Rico, para garantizar la calidad y exigencia en dichos servicios. Mediante la misma se pretendió atemperar los rigores de la ley a las exigencias modernas de la profesión, en beneficio no tan solo de los profesionales que regula sino también del desarrollo socioeconómico del país. Exposición de Motivos de la Ley 173. Esta ley derogó la Ley Núm. 399 de 10 de mayo de 1951 ("Ley 399"), ley que hasta entonces reglamentaba las profesiones de ingeniería, arquitectura y agrimensura; e introdujo una serie de cambios significativos.

La Ley 399 clasificaba a los ingenieros y arquitectos en ingenieros o arquitectos graduados e ingenieros y arquitectos licenciados, distinción que tenía poco sentido práctico, si alguno, ya que tanto los ingenieros y arquitectos graduados como los ingenieros o arquitectos licenciados tenían que aprobar el mismo examen de reválida y tenían el mismo derecho a ejercer su profesión sin limitaciones. Para estar autorizado a ejercer como ingeniero graduado la Junta expedía un "certificado", acreditativo de que el solicitante cumplía con los

requisitos necesarios. [7]  De otro lado, los ingenieros licenciados recibían una "licencia" expedida a su nombre por la Junta.[8]  Artículo 2(b) y (c).

En cuanto a la agrimensura, **bajo la Ley 399 era suficiente para ser agrimensor licenciado que la persona hubiera cursado estudios en ingeniería, sin necesariamente haber aprobado cursos en agrimensura**, siempre que probaran cumplir con ciertos requisitos.  La ley requería, además de los correspondientes estudios –por lo menos dos (2) años de estudios en ingeniería o haber terminado estudios en agrimensura–, al menos dos (2) años de experiencia profesional que acreditara su capacitación en la agrimensura a satisfacción de la Junta; y aprobación de exámenes escritos en las materias fundamentales de la agrimensura.  Artículo 9(3).

La Ley 173 **eliminó la clasificación de ingenieros graduados, y creó la clasificación de "ingenieros en entrenamiento".** [9]   Para cualificar como ingeniero en

_____

[7] Para cualificar como ingeniero graduado los requisitos eran: haberse graduado de ingeniería en un programa de no menos de cuatro años, y haber aprobado la reválida en las materias fundamentales de la ingeniería o la arquitectura. Artículo 9(1)(a), Ley 399.

[8] Los ingenieros licenciados, además de los requisitos del graduado, debían proveer una relación detallada de experiencia profesional de no menos de cuatro (4) años. Artículo 9(2)(a), Ley 399.

[9] La clasificación quedó definida en la Ley 173 de la siguiente manera:

    (c) Ingeniero en entrenamiento significa toda persona que posea un diploma o certificado acreditativo de haber completado satisfactoriamente los requisitos de esta disciplina en una escuela cuyo programa esté

entrenamiento es requisito que la persona presente prueba acreditativa de haberse graduado de un curso de no menos de cuatro (4) años académicos, o su equivalencia, de cualquier universidad acreditada; y haber aprobado la reválida en las materias fundamentales de la disciplina de la ingeniería. Artículo 9(5)(a). Por su parte, para ser ingeniero licenciado es necesario haber aprobado, además de los requisitos anteriores, la reválida en las materias profesionales de la ingeniería.[10] Artículo 9(5)(b). Solo el ingeniero licenciado podrá tener un sello y certificar planos, diseños y mediciones en la ingeniería.

En cuanto a la práctica de la agrimensura, la Ley 173 también distingue entre los agrimensores en entrenamiento y los licenciados. Se impuso como exigencia para cualificar como agrimensor en entrenamiento, haber estudiado cuatro (4) años en un curso o plan de estudios de agrimensura; y aprobar la reválida fundamental; y ambas reválidas, la fundamental y la profesional, en el caso de los agrimensores licenciados. Artículo 9(5)(e) y (f). De lo anterior surge con claridad que la Ley 173 equiparó los requisitos para la práctica de la agrimensura con los de la

---

reconocido por la Junta, que haya cumplido con el requisito de inscripción en el Registro Oficial de la Junta y que la Junta le haya expedido el correspondiente certificado. Artículo 3(c), de la Ley 173.

[10] Adviértase que en virtud de la Ley 173 los ingenieros licenciados deben aprobar reválidas en dos (2) materias, fundamental y profesional; mientras que bajo la predecesora Ley 399 sólo se les requería aprobar la reválida en la materia fundamental.

ingeniería; y eliminó la posibilidad que ingenieros que no hubiesen estudiado propiamente la agrimensura pudieran desempeñarse como agrimensores.

No obstante, mediante una disposición transitoria contemplada en la Ley 173, se procuró proteger a los ingenieros que para la fecha de efectividad de la ley ya ejercían la  agrimensura bajo su licencia profesional de ingeniero; y a aquellas personas que al momento de aprobación de la ley habían al menos, comenzado estudios en ingeniería.  A estos efectos, la ley dispuso en su Artículo 30(g) que:

> (g) Todo ingeniero debidamente licenciado como tal por la Junta y que esté capacitado para ejercer la agrimensura podrá continuar practicándola bajo su licencia de ingeniero, sin necesidad de poseer además una licencia de agrimensor.  A los fines de esta disposición, la Junta establecerá un Registro Permanente en el cual deberán inscribirse los ingenieros en tales circunstancias dentro de un (1) año a partir de la fecha en que entre en vigor esta disposición. Transcurrido este término, sólo podrán practicar la agrimensura en Puerto Rico los ingenieros así registrados y los profesionales que posean una licencia de agrimensor. [. . .]

> Los estudiantes de ingeniería que a la fecha de aprobación de esta ley hayan comenzado su primer año de estudios de ingeniería podrán solicitar ser incluidos en dicho Registro Permanente después de haber aprobado el examen de reválida requerido en la misma y estar colegiados.  Tal solicitud deberá hacerse dentro de un (1) año contado a partir de la fecha de expedición de su correspondiente certificado o licencia de ingeniero y la Junta podrá incluirlo en el Registro Permanente siempre que, a su juicio, el solicitante esté capacitado para practicar la agrimensura.

> A los fines del Registro Permanente dispuesto en este inciso, "ingeniero capacitado"

significa toda persona que haya aprobado los cursos de Agrimensura I y II, Campamento de Agrimensura y Cursos de Carreteras, como requisitos académicos, o que en la alternativa, presente prueba acreditativa de haber estado practicando la agrimensura al entrar en vigor la ley. Una vez aprobada esta ley, todo ingeniero licenciado que quede excluido de las cláusulas anteriores y que desee ser incluido en el Registro Permanente deberá demostrar fehacientemente haber aprobado los cursos conducentes a la concentración en agrimensura en una institución acreditada, según requerido por la Junta Examinadora para los agrimensores.

Así también la Ley 173 contempló para que los ingenieros o arquitectos que hubieran obtenido una certificación de "graduados" bajo la Ley 399 pudieran solicitar su licencia de ingeniero dentro del término de un (1) año de la aprobación de la Ley 173. Artículo 30(f).

De lo anterior se desprende que las disposiciones transitorias de la Ley 173 intentaron proteger a los ingenieros graduados para que obtuvieran su correspondiente licencia; y a los ingenieros licenciados que ya estuvieran practicando la agrimensura a que pudieran ser certificados como agrimensores licenciados sin tener que cumplir con los requerimientos académicos adicionales de la nueva ley. Cabe destacar que aun con el beneficio de esta disposición transitoria, la ley dispuso un término de tres (3) años dentro de los cuales la persona debía tomar la reválida de agrimensura. Artículo 30(h).

No es razonable concluir, como nos solicita el peticionario, que el legislador haya pretendido proteger mediante estas disposiciones transitorias a los ingenieros

en entrenamiento pues la clasificación no existía bajo la ley anterior. Más bien, concluimos que la palabra "certificado" en el segundo párrafo del Artículo 30(g) es una referencia a los ingenieros graduados, quienes bajo la Ley 399 podían ejercer la ingeniería sin restricciones, con el correspondiente certificado.

Contrario al argumento del peticionario, no consideramos que la interpretación del Tribunal de Apelaciones tenga el efecto de brindarle mayores derechos al estudiante de ingeniería de los que le brinda al ingeniero en entrenamiento. El Artículo 30(g) lo que hizo fue proveer para que las personas que estuvieran estudiando ingeniería al momento de la aprobación de la ley pudieran solicitar ejercer la agrimensura una vez hubieran terminado sus estudios y obtuvieran su licencia de ingeniero --tal y como se le permitió a los ingenieros licenciados-- sin necesidad de cursar estudios propiamente de agrimensura. Es evidente que para así hacerlo tenían que cumplir con los mismos requisitos impuestos a los ingenieros licenciados, a saber: finalizar sus estudios; ser ingeniero licenciado; haber tomado los cursos en agrimensura que exige la ley en su Artículo 30(g); y aprobar la reválida de agrimensura. La misma exigencia le es de aplicación a los ingenieros en entrenamiento.

Luego de considerar de manera integrada las disposiciones de la Ley 173, y de su predecesora la Ley 399, resolvemos que solamente un ingeniero licenciado

capacitado para ejercer la agrimensura y un agrimensor licenciado pueden ejercer la agrimensura en Puerto Rico. Los estudiantes de ingeniería a los que benefició la disposición transitoria de la Ley 173, deberán cumplir con los mismos requisitos que aplican a los ingenieros licenciados para poder practicar la agrimensura.

Con el anterior trasfondo doctrinal pasemos a aplicar los hechos del presente caso, no sin antes reiterar la norma que rige en nuestro ordenamiento jurídico sobre la revisión de las determinaciones administrativas.

Las decisiones administrativas tienen a su favor una presunción de legalidad y corrección que debe ser respetada mientras la parte que la impugne no presente suficiente evidencia para derrotarla. *A.D.C.V.P. v. Tribunal Superior,* 101 D.P.R. 875 (1974). Las conclusiones e interpretaciones de los organismos administrativos especializados merecen gran consideración y respeto por parte de los tribunales, y la revisión administrativa se limita a determinar si la agencia actuó de manera arbitraria o irrazonable que pueda considerarse su actuación como un abuso de discreción. *Murphy Bernabé v. Tribunal Superior,* 103 D.P.R. 692 (1975); *Fuertes v. A.R.P.E.,* 134 D.P.R. 947 (1993). Hemos indicado que la deferencia reconocida a las agencias administrativas sólo cede en las siguientes circunstancias: cuando la determinación no está basada en evidencia sustancial; cuando el organismo administrativo erró al aplicar la ley;

y cuando se trata de una actuación irrazonable o ilegal. Véase *Otero Mercado v. Toyota de Puerto Rico Corp.*, res. el 3 de febrero de 2005, 2005 T.S.P.R. 8, 163 D.P.R. ___, y otros casos allí citados.

## III

Luego de analizar el derecho aplicable resolvemos que no erró el Tribunal de Apelaciones al confirmar la determinación de la Junta Examinadora. Al aprobarse la Ley 173 en agosto de 1988, el señor Román Matos Matos había terminado sus estudios en ingeniería y había tomado los cursos requeridos para ser agrimensor. Es evidente que al momento no era estudiante de ingeniería. Más aun, en ese momento el peticionario no era poseedor, bajo la anterior Ley 399, ni de una certificación de ingeniero graduado, ni de una licencia de ingeniero. Por el contrario, solicitó su certificación como ingeniero en entrenamiento en abril de 1989, ya aprobada la Ley 173. Claramente, el señor Matos no cualificaba dentro de las clasificaciones que el legislador quiso proteger mediante la disposición transitoria de la Ley 173. Tampoco está en controversia el hecho que el peticionario no es un ingeniero licenciado, por no haber aprobado la reválida de ingeniería en su parte profesional.[11] Tampoco ha tomado la reválida de agrimensura. En consecuencia, debemos concluir que no

---

[11] Como mencionamos, no surge del expediente la fecha en la que el peticionario tomó la reválida de ingeniería. El hecho que haya fracasado la materia profesional es indicativo que revalidó luego de la aprobación de la Ley 173.

cumple con los requisitos de la Ley 173 para practicar la agrimensura en Puerto Rico.

Reconocemos que el señor Matos actuó amparado en un permiso provisional que lo facultaba a ejercer la agrimensura. No empece, se trató de un permiso ilegalmente expedido toda vez que no era un ingeniero licenciado, **requisito indispensable para la validez del permiso.** Hemos señalado que si bien toda persona tiene derecho a ejercer cualquier profesión o negocio, no se trata de un derecho absoluto sino de uno subordinado al poder de reglamentación del estado. *Infante v. Junta de Médicos Examinadores de P.R.,* 43 D.P.R. 325 (1932), citado con aprobación en *San Miguel Lorenzana v. E.L.A.,* 134 D.P.R. 405 (1993). En el ejercicio de su poder de razón de estado, éste regula las profesiones u oficios en aras de proteger el bienestar público, a la vez que evita el fraude y la incompetencia. Además, el estado puede válidamente condicionar la práctica de una profesión a la obtención de la correspondiente licencia o permiso. Véanse *San Miguel Lorenzana v. E.L.A., supra*; *Colegio de Ingenieros Agrimensores de P.R. v. A.A.A.,* 131 D.P.R. 735, (1992); *Asociación de Doctores en Medicina al Cuidado de la Salud Visual, Inc. v. Morales,* 132 D.P.R. 567 (1993).

Tampoco el hecho que el estado haya otorgado una licencia erróneamente, bajo la premisa equivocada que la persona reúne los requisitos que lo cualifican a ejercer la profesión en cuestión, otorga a dicha persona un derecho de

continuar ejerciendo la misma.  Los errores administrativos no crean derechos que obliguen a las agencias ni impiden su corrección, por cuanto el peticionario no puede ampararse en una actuación administrativa incorrecta o ilegal. Véanse *Magriz v. Empresas Nativas,* 143 D.P.R. 63 (1997); *Martínez Surís v. Colón Muñiz*, 131 D.P.R. 102 (1992); *Del Rey v. J.A.C.L.*, 107 D.P.R. 348, (1978).

## IV

Por los fundamentos anteriormente expuestos, se confirma la sentencia del Tribunal de Apelaciones, que a su vez confirma la resolución de la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, mediante la cual se revocó el permiso otorgado al peticionario para ejercer la agrimensura provisionalmente.  Se dictará la sentencia correspondiente.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Román Matos Matos

    Peticionario


       v.                 CC-2002-555


Junta Examinadora de
Ingenieros y Agrimensores

    Recurrida


SENTENCIA


San Juan, Puerto Rico, a 20 de septiembre de 2005


       Por los fundamentos anteriormente expuestos, se confirma la sentencia del Tribunal de Apelaciones, que a su vez confirma la resolución de la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores, mediante la cual se revocó el permiso otorgado al peticionario para ejercer la agrimensura provisionalmente.

       Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Jueza Asociada señora Fiol Matta concurre con el resultado sin opinión escrita. El Juez Asociado señor Fuster Berlingeri disiente sin opinión escrita.


                   Aida Ileana Oquendo Graulau
                  Secretaria del Tribunal Supremo