CLARA P. PÉREZ GONZÁLEZ, peticionaria, *v.* JUNTA DENTAL EXAMINADORA DE PUERTO RICO, recurrida.

Número: O-82-486          Resuelto: 18 de marzo de 1985

*José P. González García,* abogado de la peticionaria; *Miguel Pagán, Subprocurador General,* y *Rosemary Corchado Lorent, Procuradora General Auxiliar,* abogados de El Pueblo.

El Juez Asociado Señor Negrón García emitió la opinión del Tribunal.

I

La Dra. Clara P. Pérez González, natural de Cuba, obtuvo grado en cirugía dental el 1ro de agosto de 1950 de la Escuela de Odontología de la Universidad de La Habana. Durante doce (12) años ejerció esa profesión en su país natal. En el año 1962 se trasladó a residir a Puerto Rico. Desde entonces ha trabajado como profesora de Ciencias Biológicas en la Facultad de Estudios Generales de la Universidad de Puerto Rico. Para el año 1969 obtuvo la ciudadanía norteamericana por naturalización.

El 14 de julio de 1972 solicitó admisión al examen de reválida a la Junta Dental Examinadora. La Escuela de Odontología de la Universidad de La Habana, Cuba, como institución extranjera no estaba reconocida por dicho organismo. Esta petición fue denegada el 14 de enero de 1973, indicándosele que no se había podido determinar si reunía los requisitos relativos a los estudios predentales. No obstante, la Junta por conducto del Sr. Justino Valle, le escribió el 7 de agosto informándole del programa existente para graduados de universidades no acreditadas. Éste consistía en aprobar un mínimo de dos años —correspondientes a los dos últimos del currículo de la Escuela de Odontología de la Universidad de Puerto Rico— como requisito para tomar los exámenes de reválida. El propósito del programa era que los candidatos alcanzaran los mismos conocimientos y experiencias que los estudiantes regulares de odontología. El certificado así obtenido

se presentaría como parte de la solicitud para derecho a examen. Por razones personales no se acogió a ese programa.

Subsiguientemente, ella optó por tomar un curso de educación continua en la Escuela de Odontología de la Universidad del Estado de Florida en Gainesville. Desde octubre de 1975 a junio de 1976 tuvo un aprovechamiento aproximado de 150 horas de curso didáctico y 60 horas de curso clínico.

Transcurrieron varios años. El 23 de abril de 1979, la doctora Pérez González solicitó reconsideración. El 4 de junio de ese año la Junta Dental le reiteró que la evidencia presentada no era suficiente para evaluar la calidad de la enseñanza de sus estudios dentales. La Junta además le indicó que dicho proceder no se ajustaba a las guías establecidas para evaluar escuelas extranjeras.

El 17 de junio de 1980 radicó otra solicitud. Acompañó entonces la siguiente documentación: (1) su diploma de Doctora en Cirugía Dental, expedido por la Facultad de Odontología de la Universidad de La Habana, Cuba; (2) una declaración jurada del 3 de marzo de 1980 de la Asociación de Dentistas Cubanos en el Exilio, que certificaba las materias exigidas como requisito de admisión y el currículum de la referida escuela; (3) copia de carta del 29 de mayo de 1970 firmada por el Dr. Raúl F. Mena, ex decano de la Universidad de La Habana, dirigida al Dr. William A. Clauss de la Universidad de Miami, en que se detalla el currículum de la mencionada escuela. El doctor Mena firmó esta carta como miembro de la facultad de Odontología de la Universidad de La Habana en el Exilio; (4) declaración jurada del 27 de febrero de 1980 del Dr. Antolín González del Valle y Ríos, profesor *emeritus* de la Universidad de Carolina del Norte, que certificaba el currículum de las Escuelas Superiores e Institutos de Segunda Enseñanza de Cuba, mientras desempeñaba la posición de Director General de la Enseñanza Superior y Secundaria del Ministerio de Educación de la República de Cuba durante los años de 1952 al 1953, y (5) declaración

jurada del 10 de junio de 1980 de la peticionaria la cual expone entre otras cosas: (a) que asistió a la Escuela de Odontología de la Universidad de Cuba durante los años 1945 al 1950; (b) que aprobó treinta (30) asignaturas detalladas; y (c) que para ser admitida tomó durante los años del 1940 al 1945 las materias requeridas para obtener un diploma de Bachiller en Ciencias.

En adición presentó el certificado de aprobación de las Partes I y II del *National Board of Dental Examiners*, y haber asistido al curso de la Escuela de Odontología de la Universidad del Estado de Florida, Gainesville, antes relacionado.

El 6 de marzo de 1981 la Junta acordó no admitirla a examen por el fundamento de que no podía evaluar la calidad de una escuela de odontología a base de declaraciones juradas e información indirecta. Se reafirmó en que era graduada de una escuela no reconocida. Ante una reconsideración, la Junta ordenó una audiencia administrativa. Como resultado, su Oficial Examinador, Carmelo Galíndez rindió el 22 de septiembre de 1981, un informe que en lo pertinente consignó:

La Peticionaria sometió tres documentos de distintas fuentes para demostrar todas las materias que cursó, tanto en la Escuela de Odontología de la Universidad de [L]a Habana, como de los cursos preparatorios o predentales. La información de todos estos documentos coincide, por lo que considero que debe dársele credibilidad.

Las materias cursadas por la Peticionaria en cursos predentales, de acuerdo a los documentos sometidos, compara con los requisitos de la Escuela de Odontología de la Universidad de Puerto Rico, de acuerdo al boletín de información para los años 1978–79 y 1979–80, excepto por la química inorgánica. En los cursos para obtener el Bachillerato en Ciencias, la Peticionaria tomó en sus dos últimos años asignaturas de química orgánica e inorgánica, ciencias naturales, biología y física.

La Peticionaria tomó treinta (30) materias para obtener su diploma en la Escuela de Odontología de la Universidad

de [L]a Habana. El curr[í]culum de la Escuela de Odontología de la Universidad de Puerto Rico incluye más de cuarenta (40) materias, por lo que queda por determinar si el programa académico que ofreció a la Peticionaria la Universidad de [L]a Habana es análogo al que ofrece la Universidad de Puerto Rico.

*Decisión*

En consideración a las determinaciones de hecho y conclusiones de derecho arriba señaladas, concluimos que la Peticionaria cumple con todos los requisitos que le exige la Ley para ser admitida al examen de reválida de odontología, excepto que falta por demostrarse que el programa académico a base del cual obtuvo su diploma es análogo al que exige la Escuela de Odontología de la Universidad de Puerto Rico. Este hecho sin embargo, puede ser comprobado por la Honorable Junta si toma como correcta la información suministrada por la Peticionaria y la compara con el curr[í]culum de la Escuela de Odontología de la Universidad de Puerto Rico.

Recomendamos que la Honorable Junta compare *los programas académicos de ambas universidades y de concluir que son análogos admita a la Peticionaria al examen; de no serlo, debe negar la admisión a examen por no cumplirse con todos los requisitos de Ley.* (Énfasis suplido.) *Exhibit* 7, pág. 59.

El 2 de noviembre de 1981, la Junta emitió resolución donde reafirmaba su negativa. Adujo que "[a] base de la prueba presentada, la Junta no puede hacer una evaluación *completa* de la Escuela de Odontología de la Universidad de [L]a Habana, por hacer falta una visita a dicha institución. Para concluir que dicha institución universitaria sea análoga y comparable a la Escuela de Odontología del Recinto de Ciencias Médicas de la Universidad de Puerto Rico, conlleva una analogía tanto en currículo como en facilidades físicas". *Exhibit* 8, pág. 60.

Inconforme la doctora Pérez González acudió en revisión al Tribunal Superior, Sala de San Juan. Dicho foro, mediante orden de mostrar causa intimó una posible revocación de la decisión de la Junta, fundada en dos alternativas: autorizar

su admisión a la reválida o devolver el asunto con instrucciones a la Junta de que hiciera una evaluación formal de las facilidades de la dicha Escuela de Odontología a la luz de la evidencia disponible por estimar "arbitraria y contraria a derecho la exigencia de que dicha evaluación no se puede efectuar sin hacer una visita a las facilidades físicas de dicha Institución, visita que aun cuando pudiera hacerse en el 1982 no reflejaría gran cosa sobre las condiciones de dicha escuela para la época (*muchos* años antes) en que la recurrente estudió allí". *Exhibit* 10, pág. 67.

Ante ese curso de acción, la Junta, *sua sponte* solicitó la devolución del caso para efectuar una nueva vista. Accedió el tribunal. La audiencia fue ante el Oficial Examinador, Sr. Jaime Roque. En su informe recomendó:

> Después de considerar objetivamente determinaciones de hecho y conclusiones de derecho relativos al caso recomiendo que se le permita tomar el examen a la Dra. Pérez González. No veo razón en ley que pueda impedir que la Dra. Pérez González sea acreedora a este derecho. Además, si la Honorable Junta entiende que el examen que ellos preparan reúne los requisitos de validez y confiabilidad no veo motivo de preocupación por las credenciales de la Dra. Pérez González, pues si las mismas no son de excelencia el mecanismo de evaluación la excluirá o descalificará como candidata a ejercer la profesión. *Exhibit* 16, pág. 94.

No obstante, la Junta rechazó esta recomendación. Reiteró su negativa e indicó en lo pertinente:

> El Dr. Luis Blanco Dalmau, Presidente de la Juntal Dental Examinadora, solicitó a un grupo de educadores del Recinto de Ciencias Médicas, Escuela de Odontología, que hicieran un análisis comparativo de los currículos de la Escuela de Odontología de la Universidad de Puerto Rico en sus comienzos (1957), y la Escuela de Odontología de la Universidad de [L]a Habana para el 1950.
>
> Véase carta del 31 de marzo de 1982, en donde los educadores, Dr. Francisco Rivera Hidalgo, Dr. José L. Soto Padín, Dr. Ramón Claudio Tirado y Dra. Lilliam Ramos Cedeño

indican que no puede hacerse una comparación a base de listados de cursos.(¹)

## II. *HISTORIAL DE LA JUNTA DENTAL EXAMINADORA EN EL RECONOCIMIENTO DE ESCUELAS DE ODONTOLOGIA EN EL EXTRANJERO:*

Véase las "Guías para la Acreditación de Escuela de Odontología", copia adjunta.

En el 1977 la Junta Dental solicitó oficialmente al entonces Decano Asociado de la Escuela de Odontología de la Universidad de Puerto Rico, Dr. José Edgardo López, asesoramiento en cuanto a la evaluación de currículos de Escuelas de Odontología. (Véase carta de 21 de septiembre de 1977.)

El Dr. Carlos L. Suárez, Decano, le ofreció los servicios de los Dres. Edgardo López y Ramón Claudio para que sirvieran como asesores de la Junta con respecto a la evaluación de currículos de Escuelas de Odontología. (Véase carta del 15 de agosto de 1977.)

*En la historia de la Junta Dental, ésta no ha aceptado egresados de escuelas extranjeras no reconocidas. Solamente se aceptaron dos escuelas de la República Dominicana—Universidad Pedro Henríquez Ureña y Universidad Autónoma—a las cuales se les retiró el reconocimiento.* (Énfasis suplido.) *Exhibit* 18, págs. 101–102.

Informado e insatisfecho el tribunal de instancia de esta decisión, ordenó a la Junta que formulara una nueva resolución donde explicara los criterios utilizados. Así lo hizo el 26 de mayo de 1982.

---

(¹) Este Comité expresó:

"Nuestra evaluación nos ha llevado a la siguiente conclusión:

"Sólo se nos provee el título de los cursos; no su contenido ni descripción. La información disponible no permite establecer las equivalencias con nuestros cursos en la Escuela de Odontología de la Universidad de Puerto Rico.

"Deseamos señalar, además, que a base de la información que se nos provee, la Escuela de Odontología de [L]a Habana estaba aceptando sus estudiantes con sólo 13 años de estudios formales previos. En Puerto Rico se exigen 15 ó 16 años de estudios previos. El nivel de bachillerato que se informa en los documentos cubre los años de estudio 9, 10, 11, 12 y 13. En términos de años corresponden a sólo un año de estudios sobre nuestro nivel de escuela superior." *Exhibit* 18-A, pág. 107.

Por su importancia, transcribimos *in extenso* las partes más esenciales de la misma:

### DETERMINACIONES DE HECHOS

1. El ejercicio de la Odontología en Puerto Rico está reglamentado por la Ley Núm. 75 del 8 de agosto de 1925, según enmendada. Esta Ley establece como requisito para ser admitido a examen de reválida que el candidato sea graduado de una escuela cuyos requisitos de admisión y programa académico sean análogos y comparables a los de la Escuela de Odontología del Recinto de Ciencias Médicas de la Universidad de Puerto Rico.

2. La Escuela de Odontología de la Universidad de Puerto Rico se toma como parámetro para evaluar y reconocer otras escuelas a los efectos de permitir a sus egresados tomar los exámenes de reválida de Odontología en Puerto Rico.

3. La Escuela de Odontología del Recinto de Ciencias Médicas de la Universidad de Puerto Rico recibió la acreditación oficial del Consejo de Educación Dental de la Asociación Dental Americana (Council on Dental Education of the American Dental Association) en el 1961, antes de la graduación de su primera clase. Dicha escuela también fue electa a membresía activa en la Asociación Americana de Escuelas Dentales el 19 de marzo de 1962 y aún pertenece a ésta.

4. Para conseguir esta acreditación y luego mantenerla, hay que someterse a cierto proceso de acreditación bastante extenso que culmina con una visita de este Consejo o Comisión (Council on Dental Education—American Dental Association). Esta visita de acreditación se repite cada siete años para poder mantener dicha distinción y reconocimiento.

Los preparativos para esta visita toman a los administradores, facultad, empleados y estudiantes, ya que éstos participan, cerca de dos años. Primeramente la institución hace un auto estudio evaluativo, enumerando problemas de diferente índole, con sus posibles soluciones. Estos problemas deben haberse resuelto o por lo menos deben estar en proceso de solución antes de la visita. Estos documentos se envían a la Comisión antes de su visita para su estudio.

5. La evaluación de una escuela de Odontología es una labor muy compleja. Para que la Junta Dental Examinadora pueda

determinar si una escuela del extranjero es análoga y comparable a la Escuela de Odontología del Recinto de Ciencias Médicas de la Universidad de Puerto Rico, tal cual lo exige la Ley, tiene que estar en condiciones de poder realizar un estudio similar al que se somete nuestra escuela cada siete años. *Para lograrlo, es indispensable que la Junta tome en cuenta los siguientes criterios que son los utilizados por el Consejo de Educación Dental al evaluar la Escuela de Odontología de la Universidad de Puerto Rico:* ([2])

A. *Relación de la Escuela de Odontología con la Universidad*

B. *Facilidades Físicas y Estructuras Relacionadas*

C. *Biblioteca*

D. *Admisiones*

E. *Currículo*

F. *Facultad*

G. *Programas Extramurales*

H. *Relación con la Escuela de Medicina y Hospitales*

6. La evidencia sometida por la Dra. Clara P. Pérez González ante la Junta Dental consta de un listado de cursos tomados durante su carrera de Odontología y el número de horas que comprendía el curso. Con esta información le es imposible a la Junta determinar la adecuacidad de estos cursos, ya que la mayoría de las escuelas de odontología del mundo tiene un listado parecido con número de horas similar. Esta información es insuficiente para evaluar el programa de estudios cursado por la doctora a la luz de los criterios antes mencionados y determinar si es análogo y comparable al de la Universidad de Puerto Rico. Véase Exhibit I como ejemplo de las interrogantes que surgen al estudiarse el listado de cursos y que no pueden ser contestadas con la información contenida en el mismo.

Esta determinación que exige la ley es imprescindible, ya que la preparación académica de un egresado de escuela extranjera no puede evaluarse meramente mediante exámenes de reválida, por más detallados que éstos se traten de hacer. Los exámenes de reválida sólo miden unos aspectos limitados como indicadores de conocimientos y destrezas clínicas.

---

([2]) Hemos prescindido de transcribir el contenido de estos criterios.

7. En Puerto Rico, todo aspirante a examen de reválida tiene y siempre ha tenido que demostrar que es graduado de una escuela análoga y comparable a la Escuela de Odontología de la Universidad de Puerto Rico. Todos los egresados de escuelas no análogas y comparables han tenido que someterse a cursos de capacitación, ubicándose en escuelas acreditadas por el Consejo de Educación Dental, incluyendo el Recinto de Ciencias Médicas, recibiendo diplomas de dichas escuelas, para poder ser admitidos a reválida en Puerto Rico. Se incluyen como Exhibits II y III dos listados de estudiantes diferentes que siguieron este procedimiento.

8. Este requisito es exigido también por las escuelas de Odontología localizadas en Estados Unidos que han recibido la acreditación del Consejo de Educación Dental. En los años comprendidos entre 1959 y 1964, doscientos veintitrés (223) dentistas egresados de escuelas extranjeras, incluyendo a setenta (70) cubanos, previa la aprobación de un examen de aprovechamiento diseñado especialmente para medir sus conocimientos en las ciencias básicas y su aplicación a problemas orales, fueron admitidos a escuelas reconocidas por el Consejo de Educación Dental en Estados Unidos y Puerto Rico. Estos estudiantes fueron ubicados según el resultado de sus respectivos exámenes con el propósito de capacitarlos y permitirles obtener el diploma de medicina dental otorgado por estas escuelas. Veintiséis cubanos se graduaron de la Universidad de Puerto Rico en 1963 mediante este sistema.

En junio de 1969 nueve dentistas cubanos fueron admitidos a la Escuela de Odontología de la Universidad de Puerto Rico después de haberse examinado. Tres de éstos fueron ubicados en tercer año y seis en segundo año. Los tres primeros se graduaron de esta escuela en 1969 y los otros seis en 1970. Véase Exhibit III.

9. Consciente de la escasez de odontólogos en Puerto Rico, la Legislatura aprobó una serie de leyes para capacitar a los egresados de escuelas no análogas al Recinto de Ciencias Médicas y permitirles tomar el examen de reválida, a saber:

A. Ley Núm. 104 de 26 de junio de 1962:

Autorizó al Rector de la Universidad de Puerto Rico a matricular y conceder ayuda económica a dentistas graduados de universidades extranjeras no análogas y compara-

bles. Veintiséis dentistas de estas escuelas tomaron un curso intensivo de un año y luego de graduarse de la Escuela de Odontología del Recinto de Ciencias Médicas tomaron y aprobaron la reválida del Estado Libre Asociado de Puerto Rico.

B. Ley Núm. 120 de 8 de junio de 1967:

Autorizó al Rector del Recinto de Ciencias Médicas de la Universidad de Puerto Rico a matricular hasta un máximo de veinticinco (25) dentistas graduados de universidades extranjeras no reconocidas por el Consejo de Educación Dental de la Asociación Dental Americana para los años académicos 1967–68, 68–69, 69–70 y 70–71.

C. Ley Núm. 136 de 26 de junio de 1968:

Autorizó a la Junta Dental a expedir licencias especiales a personas graduadas de cirugía dental de universidades no reconocidas por dicha Junta, siempre y cuando cumplieran con ciertos requisitos. Además, autorizaba al Secretario de Salud a contratar personas que hubieran obtenido licencias especiales al amparo de esta Ley, para prestar servicios públicos estatales y municipales. (Estas tres leyes han sido derogadas.)

10. A la Dra. Clara P. Pérez González, al igual que a otros compañeros suyos, se le ofreció la oportunidad de ampararse en las leyes antes mencionadas. La Dra. Pérez González, a diferencia de sus compañeros, no se acogió al beneficio de estas leyes por diversidad de razones que se detallan en la Resolución del 6 de abril del año en curso. Tampoco aceptó someterse al examen de Ciencias Médicas y estudiar dos años en el Recinto de Ciencias Médicas.

11. En la actualidad se le ofrece a la Dra. Clara P. Pérez González tomar el examen de ubicación en la Escuela de Odontología de la Universidad de Puerto Rico y cursar los años requeridos según el nivel en que se encuentre, que no será menos de dos años. Al concluir los mismos, obtendría el grado de Doctor en Medicina Dental de la Escuela de Odontología de la Universidad de Puerto Rico. Véase Exhibit IV.

A base de las anteriores determinaciones, emitimos las siguientes:

## CONCLUSIONES DE DERECHO

1. La Legislatura posee la facultad de legislar para la protección de la salud y el bienestar del pueblo. Ejerció esta facultad al aprobarse la Ley Núm. 8 de 25 de agosto de 1925, según enmendada, que reglamenta el ejercicio de la odontología en Puerto Rico.

Esta Ley en su Sección 9, inciso 5, dispone los requisitos de admisión para aquellos que aspiran a ejercer la odontología en Puerto Rico.

·    ·    ·    ·    ·    ·    ·    ·

2. Esta Ley impone a la Junta Dental el deber de evaluar y determinar si la escuela de la cual proviene un aspirante es análoga y comparable a la Escuela de Odontología del Recinto de Ciencias Médicas. La Junta Dental hace esta evaluación a la luz de los criterios que el Consejo de Educación Dental de la Asociación Dental Americana utiliza a su vez para acreditar al Recinto de Ciencias Médicas que es el parámetro dispuesto por ley.

3. Esta determinación que exige la Ley es requisito previo para que el aspirante sea admitido a examen de reválida. Una vez hecha esta determinación inicial, la ley exige a todos los aspirantes someterse a examen de reválida para concederles la licencia.

La razón de ser de estos dos requisitos independientes es que la preparación de un egresado de escuela de odontología no puede evaluarse exclusivamente mediante exámenes de reválida, por más detallados que éstos se traten de hacer. Los exámenes de reválida sólo miden unos aspectos limitados como indicadores del conocimiento y destreza.

4. La evidencia sometida por la Dra. Clara Pérez González consta únicamente de un listado de cursos aprobados por ella y la cantidad de horas que comprendía cada curso. Estos datos resultan insuficientes para que la Junta pueda evaluar dicha escuela a la luz de los criterios mencionados y determinar si es análoga a la nuestra, tal cual lo exige la Ley.

5. Una visita a la Universidad de La Habana permitiría a la Junta obtener información imprescindible para una evaluación adecuada. Por razones obvias esta visita es imposible de realizar. De ser posible dicha visita, todavía persistiría la dificultad adicional de que las condiciones de la Universidad

de La Habana en la actualidad son diferentes a las existentes para los años en que la doctora Pérez González obtuvo su título.

6. En muchos Estados de Estados Unidos se exige que el aspirante a reválida sea egresado de una escuela acreditada por el Consejo de Educación Dental de la Asociación Dental Americana con el propósito de garantizar la calidad de la preparación profesional del odontólogo a quien se le va a otorgar licencia.

En Puerto Rico el criterio exigido por ley es que el aspirante sea egresado de una escuela análoga y comparable al Recinto de Ciencias Médicas. La ley establece expresamente como parámetro al Recinto de Ciencias Médicas que a su vez está acreditado por el Consejo de Educación Dental.

7. La Junta infiere que la capacitación del egresado de la Escuela de Odontología de la Universidad de Puerto Rico es superior a la capacitación del egresado de la Universidad de La Habana ó cualquier otra universidad no reconocida por la Junta.

Se basa en que una de las diferencias básicas que distinguen la Escuela de Odontología de la Universidad de Puerto Rico de la Escuela de Odontología de la Universidad de La Habana es que la Escuela de Odontología de la Universidad de Puerto Rico tiene que someterse a un procedimiento de acreditación cada 7 años por el Consejo de Educación Dental de la Asociación Dental Americana. La Escuela de Odontología de la Universidad de La Habana no se somete a este procedimiento.

En cuanto a los requisitos de admisión, varían considerablemente. El llamado "Bachillerato" en Cuba es sinónimo de lo que conocemos en Puerto Rico como Escuela Superior. El estudiante que desee ser admitido al Recinto de Ciencias Médicas, Escuela de Odontología, Universidad de Puerto Rico, tiene que tener completados sus 3 años de escuela superior, dos años de estudios pre-dentales a nivel de colegio ó universidad, tomar el examen de ingreso a la Escuela de Odontología (Dental Aptitude Test) y poseer un índice académico alto para poder competir favorablemente con la gran cantidad de candidatos aspirantes (2.00 en escala de 4.00).

Fue por ello que se legisló para que dentistas graduados de universidades no reconocidas pudieran equipararse al graduado de universidades reconocidas y pudieran someterse

a reválida y brindar un servicio de calidad al pueblo de Puerto Rico.

8. La historia de la Junta Dental Examinadora refleja que en Puerto Rico, el requisito de que el aspirante a reválida sea egresado de una escuela análoga y comparable siempre se ha aplicado por igual, tanto a aspirantes de Puerto Rico, como a aspirantes extranjeros.

En todos los casos se les ha exigido a estas personas egresadas de escuelas no reconocidas que tomen cursos de capacitación, ubicándose en escuelas de odontología debidamente acreditadas, recibiendo el correspondiente diploma para luego ser admitidos a examen de reválida.

9. La Legislatura de Puerto Rico, consciente de la escasez de profesionales en este campo, legisló expresamente en el 1962, 1967 y 1968 para aquellos profesionales en igualdad de condiciones que la Dra. Clara Pérez González, para que se ubicaran en la Escuela de Odontología del Recinto de Ciencias Médicas y de esa forma se capacitaran para poder ser admitidos a examen de reválida.

10. El hecho de que la Dra. Pérez González no se acogiera a esas alternativas, no le da derecho a que se le acepte ahora a examen de reválida. De aceptarse a la doctora Pérez González a reválida, se estaría discriminando contra todos aquellos profesionales en igualdad de condiciones con la doctora Pérez González, que tuvieron que someterse al requisito de capacitación para ser admitidos a examen de reválida.

Por los fundamentos expuestos, la Junta Dental Examinadora entiende que no debe aceptar a examen de reválida a la Dra. Clara P. Pérez González por no haber podido determinar que los cursos de estudios y requisitos de admisión de la Universidad de La Habana sean análogos y comparables a los de la Escuela de Odontología del Recinto de Ciencias Médicas de la Universidad de Puerto Rico, que fue el criterio establecido por el legislador como cuestión de política pública. *Exhibit* 21, págs. 120–131.

Evaluados los planteamientos de la doctora Pérez González a la luz de esta resolución, el tribunal de instancia declaró sin lugar la revisión. A solicitud de ella, examinamos la juridicidad de ese dictamen.

## II

La potestad del Estado para regular y controlar el ejercicio de las profesiones es reconocida universalmente. Hoy no se discute. Se cimienta en principios elementales de salud y bienestar general. *Román* v. *Trib. Exam. de Médicos*, 116 D.P.R. 71 (1985). Entre sus elementos esenciales la reglamentación cubre el aspecto de los requisitos para la admisión al ejercicio de la profesión. En nuestra democracia, como afirmamos en *Infante* v. *Junta de Médicos Exam. de P.R.*, 43 D.P.R. 325, 330 (1932), "[t]oda persona tiene derecho a ejercer la medicina, la abogacía o cualquier profesión o negocio que crea conveniente pero no como un derecho absoluto sino como mera licencia subordinada a los requisitos y condiciones que razonablemente imponga la legislatura en el ejercicio del poder regulador (*police power*) que tiene para beneficio de la comunidad".

Bajo esta dimensión, la práctica de la cirugía dental no es la excepción. Los requisitos para su admisión se encuentran en la Sec. 9 de la Ley Núm. 75 del 8 de agosto de 1925, según enmendada. En lo pertinente reza:

> Toda persona que aspire a obtener licencia para ejercer cirugía dental en el Estado Libre Asociado de Puerto Rico, deberá cumplir, ante la Junta Dental Examinadora, con los siguientes requisitos:
>
> .  .  .  .  .  .  .  .
>
> 4. Poseer un diploma, o su equivalente, de cirujano dental expedido por la Escuela de Odontología del Recinto de Ciencias Médicas de la Universidad de Puerto Rico o por alguna otra universidad o colegio, caso en el cual la Junta aceptará dicho expediente académico del aspirante si éste acredita:
>
> (a) *que los requisitos de admisión y el programa académico a base del cual se expidió el diploma o su equivalente, son análogos a los que exige la Escuela de Odontología del Recinto de Ciencias Médicas de la Universidad de Puerto Rico con el mismo propósito.*

(b) que el aspirante cursó, por lo menos los dos últimos años del curso de estudios requerido para la expedición de tal diploma o su equivalente en una universidad o colegio que a juicio de la Junta[,] tanto por razón de sus programas de estudios como por el reconocimiento que tenga en el país donde está ubicada, o en otras jurisdicciones, pueda razonablemente considerarse que es una institución educativa adecuada y comparable, en cuanto a la enseñanza de los antedichos cursos de estudios, con la Escuela de Odontología del Recinto de Ciencias Médicas de la Universidad de Puerto Rico. (Énfasis nuestro.) 20 L.P.R.A. sec. 89.

▬ De su lectura integral aflora la corrección de la interpretación de la Junta al estimar que en el inciso 4(a) se establecen dos requisitos válidos, a saber, uno referente al criterio de ingreso previo (predental) y otro relativo al programa o curso en sí de la escuela de odontología de origen. En lo que respecta a universidades no reconocidas, ambos requisitos, aunque independientes, están inextricablemente atados al proceso evaluativo de *analogía*. Entre sus diferentes acepciones, la palabra *analogía*, según aquí utilizada, significa una "[r]elación de semejanza entre cosas distintas". *Diccionario de la Real Academia Española*, 20 ed., 1984, T. 1, pág. 89. A su vez, *semejanza* implica "parecido"; "equivalente"; "similar".

▬ El desempeño de esta encomienda delegada no se limita a la concesión o negativa de admisión al examen como un mero acto ministerial. Se extiende para entrar a determinar las cualificaciones del solicitante. Estas cualificaciones exigidas comprenden aspectos tales como capacidad intelectual, cualificaciones académicas e integridad moral. También, bajo el criterio de analogía, el sano ejercicio de este poder implica diferenciar entre centros de enseñanza en busca de evaluar la formación académica del aspirante a la licencia. Corresponde a un aspirante diplomado de una universidad no reconocida suplir los documentos y datos para la Junta descargar su misión.

En el caso de autos, la peticionaria cumple con casi todos los requisitos de la ley. No ha podido, sin embargo, acreditar la analogía de la enseñanza predental y de los programas del recinto donde se graduó hace tres (3) décadas. Ella no cuestiona la validez de la exigencia estatutaria de acreditar que los requisitos de admisión académica eran análogos a los exigidos por la Escuela de Odontología de la Universidad de Puerto Rico.(3) Su planteamiento versaba en torno a si la información suplida a la Junta era suficiente.

■ Al resolver este aspecto, reconocemos que la dificultad de comprobar estos datos es el resultado del transcurso del tiempo y de las condiciones políticas existentes entre su país natal, donde cursó estudios, y Estados Unidos. También que en el contexto de estas circunstancias particulares, presentó todos los documentos que tenía accesibles y disponibles. La Junta los evaluó. Al amparo de la amplia facultad estatutariamente reconocídale determinó que esa evidencia "consta únicamente de un listado de cursos aprobados por ella y la cantidad de horas que comprendía cada curso. Estos datos resultan insuficientes para que la Junta pueda evaluar dicha escuela a la luz de los criterios mencionados y determinar si es análoga a la nuestra, tal cual lo exige la Ley". *Exhibit* 21, pág. 129.

Un análisis de toda la evidencia nos mueve a coincidir con la decisión de la Junta. Ciertamente dicho organismo no podía llegar a una determinación de "analogía", según prescribe la ley. No era posible llegar a esa conclusión con los medios suministrados por la peticionaria.

Finalmente, enfatiza que por breve tiempo la Asamblea Legislativa estableció ciertos mecanismos para capacitar a los egresados de instituciones no análogas a la Escuela de Odontología de la Universidad de Puerto Rico, al punto de

---

(3) Véanse *Semler* v. *Dental Examiners*, 294 U.S. 608 (1935); *Graves* v. *Minnesota*, 272 U.S. 425 (1926).

que graduados de la Universidad de La Habana fueron admitidos al ejercicio de la odontología sin los requisitos que hoy exige la Junta. Dicho período se remonta a los años de 1962 a 1972. Alega que no se benefició de esa legislación ni solicitó admisión en ese tiempo debido a razones personales. Indirectamente nos plantea la tesis de que como lo más probable es que si ella hubiera solicitado admisión para esa época la Junta habría estimado suficiente sus credenciales académicas, no puede ahora negarse la suficiencia de sus estudios preparatorios y profesionales.

■ En primer lugar, este razonamiento pierde de perspectiva que no es la Junta la que ha legislado ni impuesto los criterios de admisión al ejercicio de la odontología. Ésta ejerce facultades delegadas, pero ciertamente definidas, por mandato de la Asamblea Legislativa. No fue la Junta la que estableció el requisito de graduación de escuelas acreditadas o su equivalente. La Asamblea Legislativa actuó al amparo de su poder de razón de Estado. Las condiciones que imponga a los aspirantes para ejercer una profesión no tienen que ser a través de los años, las mismas, sino razonables. *Román* v. *Trib. Exam. de Médicos*, supra.

■ En segundo lugar, por imperativo social de necesidad o bienestar público, el legislador puede disponer requisitos diversos en el transcurso del tiempo, sin que ello confiera a una persona un derecho constitucional a que se le apliquen hoy los requisitos de ayer sólo porque está en condiciones de satisfacer aquellos que anteriormente la Asamblea Legislativa consideró suficientes. Son muy pocas, si no inexistentes, las instancias en que la promulgación de una ley al prohibir conducta hasta entonces considerada lícita, o regular alguna actividad económica antes irrestricta, no afecte a un individuo. Así ocurre cada vez que la ley orgánica de una junta examinadora para alguna profesión, ocupación u oficio, impone requisitos por primera vez que de algún modo afectarían

a quienes se dedicaban o pensaban dedicarse a dicha profesión, ocupación u oficio. Aun en presencia de las cláusulas de salvedad (conocidas por *grandfather's clauses*) la ley generalmente confiere un término para acogerse a sus disposiciones, y aquellos que no lo hagan están sujetos a la reglamentación posterior.

La peticionaria tiene razón al atribuirle un espíritu liberal a los estatutos de 1962, 1967 y 1968. Sin embargo, olvida que sus efectos fueron temporales. Las dificultades peculiares que presentaron casos análogos al suyo fueron remediados, según relaciona correctamente la Junta, mediante legislación especial promulgada por la Asamblea Legislativa. Todos los antecedentes e historial de esas medidas parten de una premisa que opera en su contra, esto es, que la Escuela de Odontología de la Universidad de La Habana *no* estaba acreditada por la Junta Dental Examinadora. No puede sostenerse que la Asamblea Legislativa la acreditó. Por el contrario, impuso a sus egresados condiciones de preparación profesional mínima de dos años. La ausencia de acreditación se entiende. Después de todo, hemos visto cómo ese proceso es uno dinámico y complejo, que por imperativo está condicionado a los elementos de tiempo y espacio. La doctora Pérez González invoca los beneficios de esos remedios legislativos y los adapta a sus particulares circunstancias. Aunque simpatizamos con su causa, no podemos rubricar su posición. Ello le permitiría lograr acceso directo, sin sujetarse a las condiciones que impuso la Asamblea Legislativa para superar problemas similares resultantes de la falta de acreditación.

No hemos detectado, ni se nos ha señalado, planteamiento o infracción alguna en la dimensión constitucional. Por el contrario, sostener su posición implicaría un trato preferente injustificado. *Román* v. *Trib. Exam. de Médicos*, supra. A su vez, no está huérfana de remedio, pues tiene a su alcance el examen de ubicación e ingreso a la Escuela de Odontología.

*Se confirmará la sentencia.*