# 97 DTA 146

RECEIVED
NOV 1 2 1997
SERIALS DEPARTMENT
HARVARD LAW SCHOOL LIBRARY

**TRIBUNAL DE CIRCUITO DE APELACIONES
CIRCUITO REGIONAL DE SAN JUAN
PANEL III**

TRIBUNAL EXAMINADOR DE MEDICOS DE PUERTO RICO
Apelado

v.

DR. ISMAEL RODRIGUEZ MELENDEZ
Apelante

Núm. KLAA -96-00263

San Juan, Puerto Rico, a 19 de junio de 1997

Panel integrado por su Presidenta, Jueza Ramos Buonomo
y los Jueces González Román y Córdova Arone

*PER CURIAM*

## TEXTO COMPLETO DE LA SENTENCIA

Desde el 1ro. de marzo de 1996, el Sr. Ismael Rodríguez Meléndez (Sr. Rodríguez) presentó el escrito de revisión judicial en el Tribunal de Primera Instancia, Sala Superior de Guayama. El 25 de marzo de 1996 el Tribunal Examinador de Médicos de Puerto Rico (T.E.M.), solicitó traslado para la Sala Superior de San Juan y el 11 de abril de 1996, se emitió resolución autorizando el mismo. El 20 de mayo siguiente se radicó en la Sala Superior de San Juan.

Conforme a la Orden Administrativa de 19 de junio de 1996, In Re: Referimiento de Casos de Revisión de Decisiones Administrativas al Tribunal de Circuito de Apelaciones, 96-114, emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan, el caso de epígrafe fue trasladado a este Tribunal.

Mediante el presente recurso se solicita la revisión de una resolución del T.E.M., emitida el 24 de enero de 1996 y notificada el 1ro. de febrero de 1996, en la cual se deniega la solicitud del querellado para que se le extienda una Licencia para Practicar la Medicina y la Cirugía en Puerto Rico y para que se le acredite como especialista.

### I

Según surge de la resolución recurrida, cuando el señor Rodríguez solicitó al T.E.M. que le expidiera la licencia y certificación de especialidad, éste ocultó información relativa a un procedimiento en un Tribunal Militar (Corte Marcial) en el cual fue convicto por delito grave que entraña depravación moral y fue sentenciado a cumplir nueve (9) años de presidio. La convicción estaba relacionada con conducta impropia e inmoral al realizar examenes físicos en ciertas damas pacientes.

El señor Rodríguez plantea tres señalamientos de error, a saber:

*"1. Erró el T.E.M. al imputarle al querellado que ocultó información en su solicitud de licencia.*

*2. Erró el T.E.M. al considerar una sentencia dictada por un Tribunal Militar y darle eficacia en la jurisdicción civil con la cual había cumplido el querellado.*

*3. Erró el T.E.M. al suspender indefinidamente al querellado su licencia para ejercer la medicina en Puerto Rico."*

### II

El T.E.M., creado a virtud de la Ley Núm. 22 de 22 de abril de 1931, según enmendada, es el órgano investido por ley con la facultad de autorizar el ejercicio de la profesión de médico cirujano y osteólogo y certificar las especialidades en el área de la medicina, 20 L.P.R.A. sec. 34 y 52c. Sus facultades son amplias, delegándosele de este modo la autoridad de implantar la política pública del Estado en cuanto a velar porque se presten servicios de la más alta calidad por parte de la profesión médica; al facultársele para asegurarse de que a tono con los modernos adelantos científicos, los miembros de la misma posean el conocimiento, preparación, destrezas y competencia adecuada para ejercer dentro de los parámetros de mayor excelencia posibles. *Román v. Tribunal Examinador de Médicos,* 116 D.P.R. 71 (1985).

Al reglamentar el acceso a una profesión, el Estado no puede excluir aspirantes de forma, o por motivos que violenten el debido proceso de ley y la igual protección de las leyes. El Estado puede establecer unos requisitos de conocimientos mínimos como capacidad, destrezas, entereza moral o cualquier otra calificación que esté racionalmente relacionada con el objetivo de garantizar que los admitidos posean la competencia para practicar la profesión en forma adecuada. *Santiago v. Tribunal*

*Examinador de Médicos,* 118 D.P.R. 1 (1986).

Como manifestación de su poder regulador *("police power"),* el Estado tiene una extensa discreción para regular y controlar la práctica de las profesiones con el fin de proteger la salud y el bienestar público. *Román v. TEM, supra.* En el ejercicio de la misma, éste *"puede prohibir la práctica de una profesión, a menos que primero se obtenga una licencia, permiso o certificado de alguna entidad u oficial examinador." Colegio de Ingenieros y Agrimensores de Puerto Rico v. Aut. de Acueductos y Alcantarillados,* 132 D.P.R. \_\_\_ (1992) **92 J.T.S. 137,** 21 de octubre de 1992.

Aun cuando los ciudadanos tienen un derecho constitucional a dedicarse a la profesión u ocupación de su predilección, Constitución de Puerto Rico, Art. II, sec. 16, dicho derecho no es absoluto. El mismo está subordinado a las condiciones que razonablemente imponga la Asamblea Legislativa en el ejercicio del poder reglamentador que posee en beneficio de los ciudadanos. *Pérez v. Junta Dental,* 116 D.P.R. 218, 233 (1985); Op. del Secretario de Justicia, Núm. 1973-13. *"Semejantes condiciones no privan a los ciudadanos de sus profesiones sino que las regulan por razones del eminente interés público de que están revestidas." Asociación de Doctores en Medicina al Cuidado de la Salud Visual, Inc. v. Dra. Ivette Morales y Colegio de Optómetras de Puerto Rico,* 133 D.P.R. \_\_\_, (1993) **93 J.T.S. 12,** 1 de febrero de 1993, y casos allí citados.

La sección 43 de la Ley Núm. 22, *supra,* establece los requisitos para obtener licencia para ejercer en el Estado Libre Asociado de Puerto Rico la profesión de médico cirujano; estos son, en lo pertinente:

*"(1) Ser mayor de edad y haber residido ininterrumpidamente en Puerto Rico por un período mínimo de seis (6) meses, excluyendo salidas esporádicas del país con fines médicos, de negocios o de placer y excluyendo adicionalmente toda salida del país con fines de realizar estudios en universidades, colegios o escuelas de medicina en el extranjero.*

*(2) Poseer un diploma, título de médico cirujano u osteólogo, o certificado acreditativo de haber completado satisfactoriamente todos los estudios académicos de la carrera de médico cirujano u osteólogo expedido por alguna universidad, colegio o escuela cuyo curso de estudios esté aceptado y registrado por el Tribunal.*

*(3) Haber aprobado los exámenes a que se refiere la sec. 41 de este título.*

*(4) El aspirante a una licencia de médico cirujano suministrará evidencia satisfactoria al Tribunal de que después de haberse graduado de una escuela o colegio de medicina ha completado un adiestramiento como interno o residente por no menos de un (1) año en un hospital aprobado por el Tribunal.*

*(5) Practicar por un período de un (1) año como médico u osteólogo de acuerdo a lo dispuesto en las secs. 71 a 71d de este título.*

*(6) En el caso de médicos u osteólogos de buena reputación científica reconocida nacional o internacionalmente y que presenten prueba al efecto, que vinieren al Estado Libre Asociado de Puerto Rico y desearen ejercer la medicina, el Tribunal podrá, a petición del Secretario, después de aquilatar los méritos y autoridad científica del interesado, librarle una licencia provisional para ejercer la medicina u osteología en Puerto Rico, por el término de un (1) año, prorrogable por un (1) año adicional.*

*(7) Ser persona de buena reputación, acreditada con un certificado de buena conducta expedido por la Policía de Puerto Rico y cualquier otra credencial que el Tribunal establezca por reglamento."*

Examinados los estatutos y reglamentos relativos a la admisión de médicos a la práctica de la profesión en Puerto Rico, es evidente el interes del Estado en velar porque quienes sean admitidos posean la formación académica e integridad moral suficiente para garantizar la excelencia en el desempeño de esta noble profesión.

## III

El T.E.M. le revocó al Sr. Rodríguez la licencia expedídale el 6 de marzo de 1991, ▉ porque éste ocultó información al tramitar la solicitud. El Sr. Rodríguez no informó que había sido convicto por delitos graves en un tribunal militar. ▉ Según el T.E.M. Esta información, de por sí, constituye razón suficiente para revocarle la licencia.

La Sección 52 de la Ley Núm. 22, *supra*, establece las razones por las cuales el T E.M. podrá suspender, cancelar o revocar una licencia para ejercer la profesión de médico en el Estado Libre Asociado de Puerto Rico, a saber:

*"(a) Haber sido convicto de practicar ilegalmente cualquier profesión reglamentada por ley en Puerto Rico.*

*(b) Haber sido convicto de delito grave o menos grave que implique depravación moral.*

*(c) Haber sido declarado mentalmente incapacitado por un tribunal competente.*

*(d) Anunciarse o practicar como especialista en una de las ramas de la medicina sin estar debidamente certificado como tal por el Tribunal Examinador de Médicos.*

*(e) Ser adicto a drogas o ebrio habitual.*

*(f) Negociar u ofrecer la venta de una licencia para la práctica de cualquier profesión reglamentada por ley en Puerto Rico.*

*(g) Hacer cualquier testimonio falso en beneficio de un aspirante a examen de reválida ante el Tribunal o ante cualquier Junta Examinadora en Puerto Rico, o en cualquier investigación de querellas presentadas ante dichos cuerpos por violaciones a las disposiciones de las leyes o de los reglamentos vigentes.*

*(h) Alterar o falsificar cualquier documento o material con la intención maliciosa de engañar a los miembros del Tribunal o de cualquier Junta Examinadora en el desempeño de sus funciones como tales.*

*(i) Haber sido convicto de fraude, engaño o falsa representación en la obtención de una licencia para practicar cualquier profesión reglamentada por ley en Puerto Rico.*

*(j) Habérsele suspendido permanentemente la licencia para prescribir y administrar sustancias controladas.*

*(k) Efectuar prácticas médicas cuando la habilidad esté reducida por el uso del alcohol, drogas, sustancias controladas o por incapacidad física o mental.*

*(l) Negarse a exponer y explicar en detalle ante el Tribunal un método, procedimiento, tratamiento, u operación que. no esté generalmente reconocido en las ciencias médicas cuando el Tribunal así lo requiera como consecuencia de que el médico haya ofrecido, aceptado o accedido a curar mediante tales métodos, procedimientos, tratamientos u operaciones.*

*(m) Demostrar incompetencia manifiesta en el ejercicio de la profesión o incurrir en conducta no profesional."*

En virtud de la Ley Núm. 22, *supra*, que regula la práctica de la medicina en Puerto Rico y crea el T.E.M., la Ley Núm. 11 de 23 de junio de 1976, según enmendada, conocida como *"Ley de Reforma Integral de los Servicios de Salud de Puerto Rico"* y la Ley Núm. 77 de 13 de agosto de 1994, conocida como *"Ley del Colegio de Médicos-Cirujanos de Puerto Rico"*, se promulga el Reglamento del Tribunal Examinador de Médicos de Puerto Rico, Núm. 5441 de 19 de junio de 1996. El propósito principal de este Reglamento es el de reglamentar la práctica de la medicina en el Estado Libre Asociado de Puerto Rico y aplicará el mismo a toda persona que aspire o posea una licencia regular o

provisional expedida por el T.E.M.

En el Art. 8.4, el Reglamento establece las razones por las cuales el T.E.M. revocará una licencia para ejercer la profesión de médico en Puerto Rico. Comprende las mismas razones que a tales efectos dispone la Ley Núm. 22, *supra.*

De las faltas imputadas al Sr. Rodríguez sólo una está configurada entre las razones para revocar la licencia: haber sido convicto de delito grave o menos grave que implique depravación moral. El Reglamento y la Ley Núm. 22, *supra*, no establecen como causa para la revocación de la licencia el que un aspirante omita en la solicitud determinada información que, aun cuando no se le ha solicitado, pudiera afectar sus aspiraciones, lo que podría constituir causa legal suficiente para la denegación o revocación de la licencia.

Cuando de la obtención de un privilegio o beneficio se trate, la persona quien lo solicita, si teniendo conocimiento de los requisitos para su obtención, omite datos que, aunque no le son requeridos expresa o específicamente, dan a conocer circunstancias que le hacen legalmente inelegible para los beneficios o privilegios solicitados, crea una situación fraudulenta.

Aun cuando la instrumentalidad encargada de la concesión de determinados privilegios o beneficios tiene la obligación de velar que a quienes se les extiendan sean poseedores dignos de tales mercedes, dicho ente examinador no puede ser un indagador infalible de las calificaciones del solicitante. La honradez de quien dice ser merecedor de cierto privilegio le obliga a manifestar voluntariamente cualquier circunstancia que esté expresamente señalada como impedimento para obtener el privilegio que solicita. De no ser así, no debe solicitar.

La osadía del que cree que bajo un manto de obscuridad y andando en silencio se puede tomar ventaja y obtener lo que bajo la claridad de la verdad y la voz de la honradez no hubiese alcanzado, no puede crear ningún derecho. En un caso muy similar al que nos ocupa, ▆ la Junta de Médicos Examinadores admitió a exámenes a un doctor, graduado de una universidad no reconocida ni registrada ante dicha Junta, bajo la creencia equivocada de que le cubría la Ley de Emergencia de 1942. Posteriormente, la licencia no le fue expedida, a lo que el doctor alegó que la expedición de la tarjeta de admisión a los exámenes equivalía a un reconocimiento, por parte de la Junta, de la universidad de la cual él se había graduado y que el T.E.M. estaba impedido de negar tal reconocimiento. El Tribunal Supremo expresó que la práctica de la medicina y la cirugía, no siendo un derecho natural al que tenga derecho cualquier persona, está subordinada al ejercicio razonable del poder público de preservar y proteger la salud pública. El principio legal de que nadie puede ir contra sus propios actos no puede aplicarse en las relaciones del ciudadano para con el Estado, cuando hay de por medio una cuestión de interés público que se interpone como barrera, en defensa de los derechos de la colectividad.

El T.E.M., en cumplimiento de su deber de determinar la elegibilidad de quienes solicitan licencia para ejercer la medicina en Puerto Rico, indaga sobre las calificaciones académicas y morales de los solicitantes. Como parte de ello, les requiere un Certificado de Antecedentes Penales expedido por la Policía de Puerto Rico. ▆ La convicción del Sr. Rodríguez fue ante un tribunal militar (corte marcial). Sin duda alguna, esta convicción no consta en los récords policíacos de Puerto Rico, por lo que no surgiría de dicho Certificado. Como señaláramos anteriormente, el solicitante en este caso tenía la obligación de informar que había sido convicto de delito grave en una corte marcial. El tenía conocimiento de que una de las razones legales para denegar o revocar la licencia que solicitaba era el que el aspirante hubiese sido convicto de delito grave que conllevara depravación moral.

Concluido el análisis sobre la obligación del solicitante de informar, nos atañe ahora la determinación de la relevancia de una convicción bajo una corte marcial en la solicitud de licencia para ejercer la medicina en Puerto Rico.

**IV**

La Ley Núm. 22, *supra*, y el Reglamento 5441 establecen que será razón para denegar o revocar la licencia para ejercer la medicina en Puerto Rico, el haber sido convicto de delito grave o menos grave que implique depravación moral.

En el caso de autos, la convicción por delitos graves del Sr. Rodríguez ante una corte marcial, fue determinante en la revocación de la licencia que se le había expedido. El Sr. Rodríguez sostiene que *"[l]a ley que crea y faculta al T.E.M. (20 L.P.R.A. 31, et seq.) no le concede autoridad a dicho organismo para tomar en consideración convicciones anteriores en la rama militar a los fines de conceder o denegar una solicitud de licencia bajo dicha ley"*. Alega que existe una diferencia entre una corte marcial y un tribunal civil.

*"Las cortes marciales organizadas bajo las leyes de los Estados Unidos son cortes de jurisdicción especial y limitada cuyo objetivo es disciplinar a los miembros de la rama militar; su jurisdicción no se extiende a la esfera civil".* No es correcto enfocar esta controversia como un asunto de conflicto de jurisdicciones. La finalidad de disposición de la Ley Núm. 22, supra, que establece que será razón suficiente para denegar o revocar la licencia para ejercer la medicina en Puerto Rico el haber sido convicto de delito grave o menos grave que implique depravación moral es utilizar la convicción como un medio irrefutable para demostrar la incapacidad moral del solicitante. La jurisdicción del tribunal que dictó sentencia no es determinante. Este no es un asunto de cosa juzgada, donde ese sí sería un factor a tomar en consideración. El interés del T.E.M. es indagar, por medios fehacientes, en la capacidad moral de los solicitantes. Probablemente existan otros mecanismos para corroborar el nivel de moralidad de las personas, o la ausencia de ésta, pero no hay duda alguna que una sentencia válida de un tribunal reconocido, cualquiera que sea su jurisdicción, lleva consigo la garantía de que se observó un procedimiento justo en el cual la persona tuvo la oportunidad de defenderse. De ahí que el T.E.M. utilice la convicción previa como evidencia de que el solicitante no cumple con el requisito de buena reputación, que no es otra cosa que la forma en que se manifiesta la moral del individuo."*

En el caso de *Tribunal Examinador de Médicos v. Dr. Luis J. Flores Vilar*, \_\_\_ D.P.R. \_\_\_ (1991), **91 J.T.S. 106**, el Tribunal Supremo resolvió que la agresión agravada de que fue convicto el Dr. Flores implica depravación moral. El doctor Flores fue acusado de tocar a una paciente en sus partes íntimas sin ser éste el procedimiento indicado. El Tribunal Supremo expresó que el acusado *"aprovechó su consultorio y la confianza que inspira su profesión para atentar contra la integridad física y moral de una paciente. Sin que fuera necesario para el tratamiento médico, le tocó sus áreas genitales."* Continuó diciendo el Tribunal Supremo que *"[a]unque se le encontró convicto por agresión agravada, reiteradamente hemos resuelto que se entiende por depravación moral un "estado o condición del individuo, compuesto por una deficiencia inherente de su sentido de la moral y la rectitud, en que la persona ha dejado de preocuparse por el respeto y la seguridad de la vida humana y todo lo que hace es esencialmente malo, doloso, fraudulento, inmoral, vil en su naturaleza y dañino en sus consecuencias".* Morales Merced v. Tribunal Superior, 93 D.P.R. 423, 430 (1966).

El Sr. Rodríguez no cumple con los requisitos establecidos por el T.E.M. para obtener el privilegio de que se le expida una licencia para ejercer la medicina en Puerto Rico. No se cometieron los errores señalados.

Por los fundamentos antes expuestos, se expide el auto solicitado y se confirma la resolución recurrida.

Así lo pronunció y manda el tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

**ESCOLIOS 97 DTA 146**

**1.** Al Sr. Rodríguez se le expidió la licencia Núm. 10,187.

**2.** El Sr. Rodríguez fue convicto por cinco delitos que, en la jurisdicción militar, son clasificados como *"indecent assault"*. Los cinco delitos fueron cometidos en un período de catorce (14) meses. Los delitos consisten en observar una conducta inapropiada frente a las pacientes y tocar con sus manos y cuerpo los genitales de las pacientes, sin esto ser parte del tratamiento indicado.

**3.** *Infante v. Tribunal Examinador de Médicos,* 84 D.P.R. 308 (1961).

**4.** Situaciones como las del caso de autos pueden evitarse si el TEM requiere a los solicitantes de licencia para ejercer la medicina en Puerto Rico, que presenten un Certificado de Antecedentes Penales expedido por las autoridades policíacas de cualquier estado en el cual el solicitante haya residido por más de seis meses durante los últimos diez (10) años previos a la fecha de la solicitud de la licencia, incluyendo las distintas ramas del ejército, en el caso de solicitantes que hayan servido en alguna de ellas.